MATHEWS v. STEPHENS ET AL.

1. **Judgment**; PRESUMPTION IN ITS FAVOR. When the abstract showed that defendant's claim was based upon a tax deed, which was not shown to be insufficient, and that thereupon the court found the right of possession to be in defendant, the deed was presumed to be regular, and the judgment sustained.

2. **Statute of Limitations:** INFANCY. The statute, limiting the time within which actions for the recovery of real property may be commenced, is not suspended during infancy by the provisions of section 2535 of the Code.

*Appeal from Louisa Circuit Court.*

THURSDAY, SEPTEMBER 24.

ACTION at law to recover certain lands. There was a trial to the court without a jury, and a judgment for defendants. Plaintiffs appeal. The facts of this case are fully stated in the opinion.

*Cloud & Broomhall* and *Bird & Tatlock*, for appellants.

*Sprague & Riley* and *Hurley & Hale*, for appellees.

BECK, J.—I.   Plaintiffs, to establish their title to the land, introduced a deed to them, executed 1857 by Thomas Bross. They then offered in evidence a title bond, executed by the same party in 1854, to the guardian of plaintiff for the same property, claiming to show thereby that the land was actually purchased at the date thereof.   Upon objection made by defendant, this instrument was not admitted in evidence. Plaintiffs then introduced evidence showing their ages to be twenty-eight and thirty years respectively, and also proved the value of the rent of the land, and other matters tending to establish the time it had been in the possession of defendants.

Defendants, to support their title, introduced a sheriff's deed to Mary Bross for a part of the land, forty acres, under a judgment against Thomas Bross, rendered in 1857, prior to the date of the deed under which plaintiff claims title from the same party, and a deed from Mary Bross to themselves for the same land, executed October, 1861.   They also introduced a tax deed for the other part of the property, twenty acres, executed in 1869.   In support of their defense under the statute of limitation, properly pleaded by them, they introduced evidence to show that they went into the possession of the forty acre tract in 1861, claiming title thereto under the deed from Mary Bross.   We think the evidence satisfactorily supports this defense, and shows that defendants held this land since 1861 under color of title, claiming adversely to plaintiffs. The evidence upon this point is conflicting, but the clear preponderance leads to the conclusion stated.

II.   As to the other land, the twenty-acre tract, the abstract is indefinite, and fails to show the like possession in defendants.   But it does show that defendants claim this tract under a tax deed which was admitted in evidence, and as the Circuit Court found this right of possession in defendants, we are required to presume in favor of the

1. JUDGMENT: presumption in its favor.

correctness of its conclusion, and that it was based upon sufficient evidence. The tax deed is not shown to be insufficient; it will be presumed to be regular and based upon a legal sale.

III. Plaintiffs' counsel claim that the statute of limitations does not commence to run against plaintiffs during their infancy, and defendants are not, therefore, protected by it. But the position is obviously in conflict with the statute. In providing that the "limitation of actions for the recovery of real property shall not apply to minors so far as to prevent them from having at least one year, after attaining their majority, within which to commence such actions, (Rev., § 2747, Code, § 2535), the statute unmistakably indicates that the limitation commences to run during the infancy of plaintiffs.

2. STATUTE OF LIMITATIONS: infancy.

IV. It is insisted that the court erred in excluding the title bond offered in evidence by plaintiffs. As we hold that defendants are protected by the statute of limitation as to part of the land, and that we will presume the tax deed showed a valid title in them as to the other tract, the instrument offered could have availed plaintiffs nothing had it been admitted. Its exclusion, if erroneous, was without prejudice, and would not therefore demand the reversal of the judgment appealed from.

AFFIRMED.