## GREEN v. COCHRAN.

1. **Evidence:** PRESUMPTION IN FAVOR OF COURT'S RULING. Where the record discloses nothing from which it can be inferred that the admission of certain evidence was prejudicial to the appellant, its admission will be sustained by the presumption in favor of the court's ruling.

2. ——: WHEN IN CONFLICT: CORROBORATION. Where, in an action for malicious prosecution, a witness gives testimony at variance with her oath in the action alleged to be malicious, evidence tending to corroborate her later testimony is competent.

3. **Malicious Prosecution:** MALICE: WANT OF PROBABLE CAUSE: CONSPIRACY. An action for malicious prosecution cannot be maintained against a party for conspiring with another to maintain a bastardy proceeding against the plaintiff, even though he was actuated by malice, if he had probable cause for believing the person accused to have been guilty of the offense charged. Proof of malice and want of probable cause on the part of the prosecuting witness will not sustain an action against a party conspiring with her to commence the prosecution.

4. ——: CONSPIRACY. To maintain the charge of conspiracy it is not necessary that defendant's acts should have been necessary to the commencement of the prosecution; it is sufficient if they would naturally have that result.

Green v. Cochran.

5. ———: DISCONTINUANCE. The voluntary discontinuance of an action constitutes no defense to an action for malicious prosecution based thereon, but rather imposes upon the party discontinuing it the burden of showing cause for its commencement.

6. ———: SUBSTANCE OF THE ISSUE. It is only necessary to prove the substance of the issue, and an allegation that the defendant in the action for malicious prosecution was the father of the prosecuting witness's child, instead of the plaintiff, as alleged in the former proceeding, was held immaterial.

7. **Evidence:** TESTIMONY OF IMPEACHED WITNESS: INSTRUCTION. It is error to instruct the jury that the testimony of an impeached witness is of no value except when fully corroborated. They may be justified, from his deportment upon the stand and the probability of his testimony, in believing it even if it receives no corroboration.

*Appeal from Washington Circuit Court.*

THURSDAY, JUNE 15.

THE petition in substance alleges that one Caroline M. Cochran was pregnant with a bastard child, and that she and the defendant conspired and confederated together to charge upon petitioner the crime of bastardy and seduction perpetrated upon the said Caroline, she being an unmarried woman; and that in pursuance of said conspiracy the said Caroline, by the procurement, and at the instance of defendant did, on the 11th day of February, 1874, commence an action and proceeding for bastardy, accusing petitioner of being the father of her illegitimate child, and causing the notice required by law to be served on plaintiff; and that, on or about said date and in pursuance of said conspiracy, at the procurement and instance of defendant, the said Caroline commenced an action by civil proceedings against petitioner for the crime of seduction, praying judgment for damages, and causing the notice of the pendency of the action to be served upon plaintiff; that both of said actions have been dismissed and abandoned for want of prosecution, and are ended. Plaintiff alleges that these actions were commenced with malice, and without probable cause; that he has been greatly damaged in his social standing and his good name as a citizen, and brought into public scandal and disgrace, and compelled to lay out and

expend large sums of money, and much time in preparing for his defense. Plaintiff prays judgment for ten thousand dollars.

The complaint in the bastardy proceeding, and the petition in the civil action for damages, are duly verified, and copies are attached to the petition, as follows:

"The complainant, Caroline M. Cochran, states that she resides in Washington county, Iowa; that she is now pregnant with a child, which, if born alive, will be a bastard, of which bastard child complainant states the defendant, Wm. Green, is the father."

"The petitioner, Caroline M. Cochran, claims of the defendant the sum of five thousand dollars, and for cause of such claim says: that heretofore, to-wit: on the —— day of July, 1873, your petitioner, being an unmarried woman, and the defendant, being an unmarried man, did, then and there unlawfully and wrongfully seduce, debauch and carnally know your petitioner," etc.

The defendant, for answer, denies all the allegations of the petition.

The evidence shows that, on the 21st day of july, 1874, the court dismissed the bastardy proceeding for want of prosecution, and discharged all liens created thereby, and that on the 27th day of August, 1874, Caroline M. Cochran filed a paper in the civil suit withdrawing her claim against the defendant therein, and authorizing and directing the discontinuance of the suit.

There was a jury trial, and a verdict and judgment for plaintiff for $850.00. The defendant appeals.

*McJunkin, Henderson & Jones*, for appellant.

*Stubbs & Leggett*, and *S. A. Russell*, for appellee.

DAY, J.—I. The plaintiff, in making out his cause in chief, placed on the witness stand one Mrs. Joseph Cochran, step-mother of Caroline Cochran, and propounded to her the following questions, after it had been shown that defendant had taken the witness, Caro-

1. EVIDENCE: presumption in favor of court's ruling.

line, while pregnant, to the house of one Foster: "State whether or not there was an unfriendly feeling existing between you and Caroline?" The defendant's objection to this question as irrelevant was overruled, and the witness answered as follows: "There was a friendly feeling; and I had her there to work for me at the time when taken away by defendant." The admission of this testimony is assigned as error. So little of the evidence is contained in the abstract, that we are unable to tell under what circumstances, and in what connection this evidence was admitted. It does appear, however, that there was testimony tending to show that the defendant was the father of Caroline Cochran's bastard child. Proof that the relations between Caroline and her stepmother were friendly, might tend to show that defendant had some other motive than the feelings existing between the mother and daughter, for taking her, while pregnant, to the house of Foster. Such testimony might tend, in some degree, to connect the defendant with Caroline's condition, and corroborate her statement that he was the father of her child. It is very clear that the record does not disclose facts from which we can affirmatively find that the admitting of this evidence was error to the prejudice of the defendant. In the state of the record we must, respecting this matter, presume in favor of the correctness of the ruling of the court below.

II. The plaintiff, in the further examination of Mrs. Joseph Cochran, asked the following question: "After Caroline came home from Foster's to your house, and after the institution of these suits, and while they were pending against Green, state what Caroline told you, if anything, in reference to bringing the suits against Mr. Green, and why she went to Foster's to live instead of going home to live?" The defendant's objection to this question was overruled, and the witness answered: "I asked her why Mart (defendant), did not bring her home, instead of taking her to Foster's. She said that Martin had said if she would swear it was Green's, and stick to it, that he would run the suit himself, and she would get $4,000 or $5,000." Error is assigned upon the admission of this testimony.

Caroline Cochran, who was a witness for the plaintiff in this case, and swore that defendant was the father of her child, had, in the suit for bastardy against Green, sworn to the complaint charging that Green was the father of her illegitimate child. Her testimony, by these conflicting oaths, was placed under discredit, and anything tending to throw light, however dim, upon the question as to which oath was true, was competent and admissible.

It certainly has some bearing upon this question to show that, whilst the suits against Green were pending, and before he sued the defendant, she made statements implicating the defendant, and in harmony with her last oath. This testimony was competent. The degree of its weight and effect is a question of fact for the jury.

III. The court directed the jury that plaintiff in his petition alleged that the defendant and Caroline M. Cochran conspired together to injure and defame plaintiff, and did commence a proceeding for bastardy against plaintiff, and that in pursuance of said conspiracy the said Caroline, by the procurement and at the instance of defendant, commenced an action by civil proceedings against plaintiff for the crime of seduction. It is claimed that in this instruction the court misstated the issue; that plaintiff does not allege in his petition that Caroline Cochran prosecuted a civil action against him for the *crime* of seduction; that the petition in this case makes the petition in Cochran against Green an exhibit, and that it fails to state that Caroline Cochran was a woman of previously chaste character.

Whether or not the petition in the first action would have been vulnerable to a demurrer, we need not determine. It is clear that a *prima facie* case of crime would have been made by proving simply the facts alleged, for the previous chastity of the plaintiff in that action is presumed, in the absence of any evidence tending to disprove it.

In view of this fact, and the further fact that the petition distinctly charges that Caroline Cochran prosecuted a civil action against plaintiff for the crime of seduction, we are clear that the court did not err in stating the issue. This

view disposes also of the objections urged to the thirteenth instruction of the court.

IV.  Complaint is made of the third instruction, which is as follows: "The plaintiff must prove by a preponderance of the testimony that there was a conspiracy entered into between Caroline M. Cochran and this defendant to prosecute this plaintiff for the offense charged; that the suits thus commenced terminated favorably to the plaintiff herein, and that such prosecutions were malicious and without probable cause; and if you so find, and that the plaintiff has been damaged thereby, you will return a verdict in favor of the plaintiff."

3. MALICIOUS prosecution: malice: want of probable cause.

The objection to this instruction, which was made after verdict, and incorporated with the motion for new trial under Section 2789 of the Code of 1873, is, that it tends to mislead the jury to suppose that if the prosecution was willful and malicious, and without probable cause on the part of Caroline, it would affect the defendant.

In immediate connection with the above, the court instructed the jury as follows: "4. If at the time of the commencement of the prosecution against this plaintiff, the defendant had probable cause for believing the plaintiff (Green) was guilty of the crime of seducing the woman, Caroline, and that he was the father of her unborn child, then your verdict should be for the defendant, although you may find that in the part he took in the matter he was actuated by malice; to hold him liable he must have been actuated by malice and a want of probable cause." This instruction clearly presents the doctrine that the defendant can be held liable only for his malice and want of probable cause.

Taken in connection with this instruction, it is not at all probable that the jury were misled by the third instruction in the manner indicated by the exception. We have frequently held that instructions must be taken together, and that if, when so considered, they correctly and fairly reflect the law, a judgment will not be reversed, although the instructions, separately considered, may not be unobjectionable.

V.  The court further instructed as follows:  "9. Was the

defendant guilty of conspiring with the woman, Caroline, for the purpose of instituting the suits against the plaintiff? Upon this point you are instructed that there must be proof that they participated in the same wrongful act; that is, it should appear that the act or acts of this defendant naturally and ordinarily produced the acts of the woman, Caroline, in commencing the suits against this plaintiff." The objection made to this instruction is, that the court instructed the jury that the conspiracy may be proven if it appears that the acts of this defendant naturally and ordinarily produced the acts of Caroline, without stating that the wrongful acts of defendant were necessary. This objection is without merit. A party is held responsible for the natural and ordinary results of his acts. The defendant is charged with a conspiracy to prosecute the plaintiff. If the defendant did acts which naturally and ordinarily would lead Caroline Cochran to commence the prosecution, it is not further required that it should appear that these acts were *necessary* to the institution of the prosecution. In other words, it needs not be shown that but for the acts of the defendant, the prosecution would not have been commenced.

*4. ——: conspiracy.*

A number of persons may conspire to do an unlawful act, and each becomes responsible for acts done in furtherance of the conspiracy. It would be no defense as to any one of them to show that his participation was not necessary to the accomplishment of the ultimate purpose, and that it would have been consummated if he had not become a conspirator.

VI. In the fourteenth instruction the court directed the jury that, "In addition to the actual damage sustained, you may allow vindictive damages, which are given whenever elements of oppression, fraud or malice enter into the commission of the offense." It is claimed that this instruction is equivalent to telling the jury that this is a proper case for exemplary damages, because of the use of the indicative form of expression, *are given.* It is evident that this objection is based upon a misapprehension of the purport of the instruction. The court tells the jury that they *may* allow vindictive damages, and then states the circumstances under which vin-

dictive damages are proper. The twelfth instruction given by the court is not erroneous. The seventh and eighth asked by the defendant might well have been given, but we have not enough of the evidence to be able to determine that the refusal to give them worked the defendant any prejudice. For aught that appears, the witness, Caroline Cochran, may have been fully corroborated.

VII.  Lastly, it is claimed that no cause of action is stated in the petition, in that it is not alleged that the suits were prosecuted, but that they were simply commenced. The petition alleges that both suits have been dismissed and abandoned for want of ·prosecution, and are ended. The petition does not show that the abandonment was voluntary, and in that respect it might have been vulnerable to a motion for a more specific statement. The proof shows that the civil suit was voluntarily withdrawn by the plaintiff therein.

5. ——: ——: discontinuance.

In *Burnham v. Sanford*, 19 Wendell, 417, it is held that the mere omission to prosecute an action, by reason of which the defendant claimed a judgment of *non pros.*, or as in case of non suit, does not of itself furnish a sufficient foundation of an action for malicious prosecution; but a voluntary discontinuance of the action by the plaintiff is sufficient to throw upon him, when a defendant in an action for malicious prosecution, the necessity of showing cause for the arrest. See, also, *Gilbert v. Emmons*, 42 Ill., 143; *Kinsey v. Wallace*, 36 Cal., 462. No error is disclosed in the record.

AFFIRMED.

ON REHEARING.

DAY, J.—Within the time allowed by the rules of court a petition for rehearing was filed in this case, which has been examined with care.

It is claimed the court misstates the record in the statement of facts, in which it is said that Caroline M. Cochran filed a paper in the civil suit, withdrawing her claim against the defendant therein; and that the same misapprehension of the record occurs in the discussion of the last point determined, in which it is said " the proof shows that the civil suit was vol-

untarily withdrawn by the plaintiff therein." These statements were taken from the appellee's amended abstract. A motion to strike out this amendment, as not justified by the transcript, was filed, but it was mislaid, and was not before the writer when the opinion was prepared, and it cannot now be found on the files of the court. Our attention having been called to the subject by the petition for rehearing, we have examined the transcript, and we find that it purports to set forth only such portions of the testimony as were objected to by defendant upon the trial, and that it does not contain the evidence above set out. This fact, however, is not material. The statement was made in the opinion in the discussion of the objection that the petition states no cause of action.

As stated in the foregoing opinion, the petition states that the suits have been dismissed and abandoned for want of prosecution, and are ended, but does not show that the abandonment was voluntary. The petition might have been vulnerable to a motion for a more specific statement, but no such motion having been made, it cannot be claimed that the petition is so defective that plaintiff cannot have judgment, notwithstanding the fact that he may have fully proved his case.

The question under consideration in the foregoing opinion, in which it is claimed an error occurred in stating what proof was introduced, has reference to the sufficiency of the petition. The statement was made merely as a part of the supposed history of the case. The sufficiency of a pleading does not depend upon the proof. Whilst we may have been led into error in accepting the appellee's amended abstract, it was error which in no way affected the verdict.

II.   The defendant in substance asked the court to instruct that plaintiff must prove defendant was the father of Caroline Cochran's child, and, failing to do so, cannot recover. The instruction received such brief notice in the original argument of appellant, that we overlooked the point in the foregoing opinion. It is urged in the petition for rehearing that this instruction should have been given. We think it was properly refused. It is necessary to prove only the substance of

the issue. The issue here is, did defendant enter into a conspiracy to charge plaintiff with being the father of Caroline Cochran's child? The allegation that the child was begotten by defendant, as plaintiff is informed, is wholly immaterial, and need not be proved. It forms no part of the real issue.

III. The defendant asked the court to instruct that " the testimony of an impeached witness is to be taken with great

7. EVIDENCE: testimony of impeached witness: instruction.

care by the jury, and unless fully corroborated the jury will be justified in giving to it no weight whatever; and it is only on such points as such witness may be corroborated, that the witness is entitled to credence and weight with the jury." Taken together, we think this instruction announces an incorrect rule, and that it was properly refused.

It is true, the jury, being the judges of the credibility of witnesses, might act upon such a rule. But it is not, we think, the law, that they must, or even should, in all cases adopt such a measure of credibility. It is to be observed that this rule requires full corroboration, and that the witness shall be credited only upon the points in which he is so corroborated. In other words, an impeached witness must not be believed, except upon those points in which his testimony is unnecessary; which amounts to saying that the testimony of an impeached witness can never have any value.

We think that an impeached witness may testify so consistently, and may deport himself in such a manner, and may be so corroborated as to material points, that the jury might feel justified in believing him upon some point in which he is not corroborated. The case discloses no error requiring a reversal. The petition for rehearing is

OVERRULED.

SEEVERS, CH. J., having been of counsel, took no part in this determination.