Murphy v. The C., R. I. & P. R. Co.

1. **Negligence**: BURDEN OF PROOF: RAILROAD. In an action by an administrator against a railroad company for causing the death of a person, the plaintiff must prove that the decedent was not guilty of negligence contributing to his death.

2. ———: ———: ———. The proof of the fact that decedent, at the time of the accident, was in the exercise of ordinary care, need not always be direct and positive, but the fact may sometimes be fairly and reasonably inferred from the circumstances.

3. **Practice**: COURT MAY DIRECT VERDICT. Whenever any of the essential and integral elements of a cause of action are wholly without proof, the court may properly refuse to allow the case to go to the jury.

*Appeal from Polk Circuit Court.*

THURSDAY, APRIL 19.

THIS is an action to recover damages for the death of John Murphy, alleged to have been caused by the negligence of the defendant's employes. The defendant denies the negligence on its part, and alleges that the injury complained of was contributed to and caused by the carelessness and negligence of the deceased.

When the plaintiff had produced his testimony and rested his case, the defendant moved the court to direct the jury to find for the defendant, for the reasons, amongst others, that there is no evidence showing, or tending to show, that at the time of the accident plaintiff's intestate was exercising ordinary care and prudence to avoid injury; and the undisputed evidence shows plaintiff's intestate to have been guilty of such negligence as contributed proximately to the accident, and without which it would not have occurred. This motion was sustained, and under the direction of the court the jury returned a verdict for the defendant. This case was before us on a former appeal. See 38 Iowa, 539. Plaintiff appeals.

*Seward Smith* and *John Gibbons*, for appellant.

*Wright, Gatch & Wright*, for appellee.

DAY, J.—The testimony, in connection with the plat, introduced by plaintiff, establishes substantially the following facts:

John Murphy, plaintiff's intestate, at the time of his death, and ever since defendant's road was built through Des Moines, where the accident occurred, resided at the corner of Market and Tenth streets, within a few feet of the defendant's road, which runs in a direction almost east and west across the rear end of the lot on which the deceased resided. From the deceased's residence to the depot, three blocks west, the road is entirely straight, with a down grade most of the way of thirty-two feet per mile. Opposite deceased's house the road descends to the east, so that his house stands at the summit. Immediately east of the depot, and between that and the house of deceased, the main track had been used ever since the road was built for the purpose of switching cars upon the different tracks of the depot grounds. The manner of doing this was to back the cars east up the grade by means of an engine, and then uncoupling them, and permitting them after the engine had returned to descend the grade, and placing them by means of the respective switches upon the desired track. Sometimes the cars were allowed to remain standing at the summit five or ten minutes before permitting them to descend. About three or four blocks east of the summit there was a coal switch and side track, to which the company was also accustomed to back its cars, switch them off, and bring the engine back alone. When cars were taken up for the purpose of being dropped down upon the side-track they were taken only to the summit.

Murphy, his family, the people of the neighborhood and the public generally, had used the track of the defendant's road as a common footway ever since the road was built, with the knowledge of and without objection by the company. Across the ditch on the south side of the embankment there was a plank crossing made by Murphy. Part of the way from Murphy's house to where the accident occured the embankment was so narrow that it was impossible or difficult to walk on it without getting between the rails or upon the ends of the ties, and this was its condition at the point where the

accident occurred and for a short distance east.  On the after-
noon of June 6th, 1871, Murphy, in company with one
Ragan, who is the principal witness for plaintiff, and the only
one who details the facts connected with the accident, came
from Murphy's house, went up the embankment upon the
track and walked west between the rails a distance of about
one hundred feet, when they met an engine backing a car
eastward up the grade.  They both stepped off upon the north
side of the track until the engine and car had passed, when
they again stepped upon the track and continued walking
between the rails.  When they had thus walked, as shown by
the plat, a distance of ten hundred and seventy-four feet, the
engine returned down the grade behind them, alone.  Both
again got off the track, Ragan on the north side, and Murphy
upon the south side.  Ragan continued to walk on the north
side, outside the track and ties.  Murphy walked some dis-
tance on the outside of the track, and then came nearer and
walked on the ends of the ties a distance of three or four ties,
and was just in the act of stepping sidewise upon the track,
with his face to the west, when the car, returning down the
grade, struck him from behind, rolled him down the embank-
ment, and inflicted an injury of which he died in a few hours.
Some one from the top of the car called "look out," and
almost at the same instant the car struck him.  After the car
passed Ragan picked Murphy up and asked him if he was
hurt, to which he replied, "I guess not;" but when he
straightened up he said he was hurt pretty badly and that he
"was always afraid of that part of the road ever since it was
built, and at last he got caught right there."  An ordinance
of the city prohibits cars from moving faster than six miles
an hour, and the car which did the injury was moving seven
or eight miles an hour.  Upon these facts the court directed
the jury to find for the defendant.

It is now the well established doctrine in this State that, in
an action upon the part of an administrator for causing the
death of a person, the plaintiff must prove that
the decedent was not guilty of negligence con-
tributing to his death.  *Patterson v. The B. & M.*

1. NEGLI-
GENCE: bur-
den of proof:
railroad.

*R. R. Co.,* 39 Iowa, 279; *Donaldson v. The M. & M. R. R. Co.,* 18 Id., 280; *Greenleaf v. The Ill. Cent. R. R. Co.,* 29 Id., 14; *Muldowney v. The Ill. Cent. R. R. Co.,* 32 Id., 176.

It is true, this proof need not always be direct and positive. The fact of the exercise of ordinary care may sometimes be a

2. —— : ——. fair and reasonable inference from the circum-

—— . stances. But in this case there is no proof from which it can be inferred that deceased at the time he received his injury was in the exercise of ordinary care.

The facts proved do not admit of such an inference, but tend directly to establish the opposite conclusion.

The deceased for years had resided near the defendant's railroad track, and he was fully acquainted with the defendant's manner of doing business. He was fully aware of the dangerous nature of the place where he sustained the injury. Yet, notwithstanding all this, he was in the very act of stepping sidewise upon the track, in front of a moving train, without looking for its approach, when he received the injury which resulted in his death. Not only does the evidence fail to show that he was in the exercise of ordinary care, but, on the contrary, it appears affirmatively from the testimony that his death was the result of gross and culpable negligence.

If there is any testimony upon the essential questions of fact involved in a case, it is the duty of the court to submit the case to the jury.

But, whenever essential or integral elements of a cause of action are wholly without proof, the court may properly refuse

3. PRACTICE: to allow the case to go to the jury. *Allen v.*
court may *Pegram,* 16 Iowa, 164; *Muldowney v. The Ill.*
direct ver-
dict. *Cent. R. R. Co.,* 32 Id., 176; *Way v. The Illinois Central R. R. Co.,* 35 Id., 585. See, also, *Allyn v. Boston & Albany R. R. Co.,* 105 Mass., 77; *Pennsylvania R. R. v. Beale,* 73 Pa. St., 504.

Appellant's counsel cite and rely upon section 7, chapter 169, laws 1862, and claim that under this statute all that the plaintiff is required to do is to show the defendant's neglect, and the consequent damage, and then his case is made out and he may demand a verdict.

This statute is as follows: "Every railroad company shall be liable for all damages sustained by any person, including employes of the company, in consequence of any neglect of the agents or by any mismanagement of the engineers or other employes of the corporation to any person sustaining such damage."

This statute indicates no purpose to exonerate the injured party from the necessity of exercising reasonable care, in order that he may recover. Its evident purpose is to extend the liability of railroads to injuries to employes, for which at common law they were not liable.

The court, in our opinion, did not err in directing a verdict for the defendant.

AFFIRMED.

BECK, J., *dissenting.*—I cannot concur in the conclusions of the foregoing opinion affirming the judgment of the Circuit Court, and need state but one ground of my dissent.

The plaintiff is entitled to recover, notwithstanding the negligence of deceased, if the defendant became aware of the danger of deceased, and failed to use ordinary care to avoid injuring him. Shearman & Redfield on Negligence, §§ 25–26, 33; Sanders on Negligence, pp. 55–6. The rule is demanded by humanity as well as sound reason. In my opinion the record shows such facts that the court ought to have submitted to the jury the question whether under this rule the plaintiff was excepted from the effect of the doctrine of contributory negligence, and could have recovered, notwithstanding the deceased did not exercise care. There was evidence which, in my opinion, tended to show that defendant's servants knew of the want of care of deceased, and failed to use ordinary care to avoid injuring him. The jury should have been permitted to pass upon this evidence. It is not necessary for me to consider other points in the case as, for the reason assigned, I think the judgment of the Circuit Court is erroneous.

ON REHEARING.

SEEVERS, J.—Upon a careful examination upon rehearing,

we are satisfied that the decision made by this court is correct, and that the foregoing opinion should be adhered to.

BECK and ADAMS, JJ., *dissenting*.