## THE STATE v. MYLOR.

1. **Criminal Law**: IMPEACHMENT OF WITNESS: EVIDENCE. Where upon a trial for rape the prosecuting witness was corroborated by the testimony of another, whom the defendant sought to impeach, *held* that it was for the jury to determine, in view of all the facts, whether or not the witness had been impeached.

*Appeal from Louisa District Court.*

MONDAY, JUNE 11.

THE defendant was convicted of the crime of rape and appeals to this court.

*E. W. Tatlock*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ADAMS, J.—The appellant contends that the evidence is insufficient to sustain the verdict. The evidence for the State
1. CRIMINAL law: impeachment of witness: evidence. consists of the testimony of the prosecuting witness, of the person to whom the next morning after the alleged crime was committed she revealed it, and of one Burns, who testified that the defendant stated to him that he had connection with the prosecuting witness at the time she says that he ravished her.

The defendant introduced ten witnesses whose testimony tended strongly to impeach the testimony of Burns. He now claims that Burns' testimony should be declared to be without weight; but this cannot be done. It was for the jury to say, in view of all the facts disclosed and the appearance of the witnesses called to impeach Burns, as well as of Burns himself, whether he should be regarded as completely impeached. Allowing the jury the discretion that they might properly exercise in regard to the credibility of Burns as a witness, we could not say that the evidence is insufficient to sustain the verdict.

AFFIRMED.