## McMURRIN v. RIGBY.

1. **Rape:** ACTION FOR DAMAGES: EVIDENCE: DECLARATIONS OF PLAINTIFF: RES GESTÆ. In cases of rape, where the woman injured is a witness, the fact that she made complaint of the injury may be shown, but not the particulars stated. (See citations in opinion.) In this case (an action for damages), plaintiff's sister was permitted to testify that only a few moments after the alleged rape she entered the room where plaintiff was sitting crying, her underclothing partly on the floor, with blood on a portion of it, and her dress torn, and that plaintiff then made an exclamation or statement of the injury she had received, and, in answer to the question what complaint she made, the witness answered: "She said she was hurt in the most brutal way anyone could be hurt." Plaintiff had before testified in regard to the matter to which this answer related. *Held* that the declaration, at most, was to the effect that plaintiff had been ravished, and that it was properly admitted under the rule. *Held*, also, that it was properly admitted as a part of the *res gestæ*, being made so soon after the alleged wrong, and under such circumstances as to preclude the element of premeditation. (See opinion for citations.)

2. ——: ——: ——: ——. In such case it was error to permit plaintiff's mother to testify that two weeks after the alleged rape, during which time plaintiff was at work as usual, she complained to her of pain in her back and side, since such declarations were not the natural result and expression of suffering, and were not made to a physician for the purposes of treatment. (*Gray v. McLaughlin*, 26 Iowa, 297, *distinguished;* and see cases cited in opinion.)

3. ——: ——: ——: TORN CLOTHING. In such case it was proper to permit plaintiff to introduce a portion of the underclothing which she claimed was on her person, and torn by defendant in committing the rape; plaintiff testifying that it was in the condition in which it was left by defendant, except that it had been washed.

4. ——: ——: ——: EXPERIMENTS MADE BY PHYSICIAN. In such case it was not error to reject the testimony of a physician as to experiments made by him as to the possibility of sexual intercourse at the place and in the position plaintiff claimed she and defendant occupied when she was ravished; for the reason that it was not shown that the experiments were made under such

McMurrin v. Rigby.

conditions as to size of persons that the results would prove or disprove the claims of plaintiff; and for the further reason that the physician was permitted to testify as an expert that sexual intercourse, under the conditions described by plaintiff, was impossible.

5. ——— : ——— : ——— : IMPEACHMENT OF DEFENDANT : EFFECT : INSTRUCTION. Where in such case defendant was a witness on his own behalf, and plaintiff introduced witnesses who testified that his general moral character was bad, but on cross-examination most of them admitted that his reputation for veracity, honesty, integrity, industry and sobriety was good, the court instructed the jury that, if they found from the evidence that defendant's moral character was bad, they might discredit his testimony in all points in which it was not corroborated. *Held* error, and that it was for the jury to say what, if any, credit should be given to the uncorroborated testimony of the witness, and that they should not discredit it . unless they believed its credibility had been destroyed. (See opinion for citations.)

*Appeal from Cedar District Court.*—HON. JAS. D. GIFFEN, Judge.

FILED, MAY 28, 1890.

ACTION to recover damages for an alleged rape. There was a trial by jury, and a verdict and judgment in favor of plaintiff. The defendant appeals.

*Wolf & Hanley, Wheeler & Moffett,* and *Boies, Husted & Boies,* for appellant.

*J. W. Jamison* and *Robert G. Cousins,* for appellee.

ROBINSON, J.—The alleged wrong was committed on the seventh day of November, 1887. At that time the defendant was a man of mature years, with a wife and three children, and plaintiff was an unmarried woman, nineteen years of age, employed in the family of defendant as a domestic. The evidence on the part of plaintiff tends to show that at the time in question she was engaged in doing the family washing in a small building which was separated by a short distance from the dwelling-house of defendant; that the room in which she was working was entered through a door in

the east side, and was lighted by a window in the south side; that in the southeast corner of the room was an open stairway, without risers, which changed its direction above the third step; that during the absence of the family from home, and while plaintiff was engaged as stated, defendant entered the room, and compelled plaintiff, against her will, and despite her violent resistance, to submit to sexual intercourse with him on the stairway. In addition to their general verdict, the jury found specially that "defendant assaulted plaintiff, and had carnal connection with her by force, and against her will and resistance, as charged in her petition."

I.   A sister of plaintiff, named Ella, testified that in the afternoon of the day of the alleged assault she left

1. RAPE: action for damages: evidence: declarations of plaintiff: res gestæ.

her home for the purpose of visiting her sister; that she arrived at the dwelling of defendant at about half-past three.o'clock, and knocked twice at the front door without receiving any response; that she then went around the house towards the north, when she heard her sister's voice in the wash-house; that she went at once to the wash-house window, which was raised, and looked in; that defendant was then sitting on the steps holding her sister in his lap, and holding her hands behind her; that her sister was crying; that defendant told her sister "Never to dare mention it," and she said, "She would if she died for it;" that as soon as defendant let go her hands "she grabbed him by the nose;" that after she had been at the window "about a minute or so" defendant went out; that she then went in, and found her sister sitting on a block, crying, her underclothing partly on the floor, with blood on a portion of it, and her dress torn. The witness was then asked this question: "State whether, when you went into the room, while your sister was sitting there, she made any exclamation or statement as to any injury she had received;" and answered in the affirmative. She was then asked this question: "State whether your sister

made any complaint to you at the time you went into the wash-house, and first saw her sitting on the block, of the injuries she had received. If so, state what complaint she made." To this counsel for defendant stated that they did not object to the question so far as it asked witness whether plaintiff made complaint, but they objected to the question "so far as it asks the witness to state what she said with reference to her injuries, and how they were received, upon the ground that such declarations are incompetent, being in her own behalf by plaintiff, after the transaction complained of occurred." The objection was overruled, and the witness answered: "She said she was hurt in the most brutal way any one could be hurt." Appellant complains of the ruling which permitted that answer. The rule adopted by this court in criminal prosecutions for rape is that laid down by Greenleaf, and cited in *State v. Richards*, 33 Iowa, 420, and *State v. Clark*, 69 Iowa, 294. Briefly stated, it is that, where the female injured is a witness, the fact that she made complaint of the injury may be shown, but not the particulars she stated. In *State v. Mitchell*, 68 Iowa, 118, it was said that the rule would permit the showing of the injury complained of, as that the complainant had been ravished. The plaintiff had testified before the answer under consideration was given in regard to the matter to which it related. The declarations given by the answer, placing upon it the construction most unfavorable to defendant, did not do more than to charge that plaintiff had been ravished, and therefore it is within the rule as explained in the case last cited.

Moreover, we think the declaration was admissible as a part of the *res gestæ*. It was made but a few moments after the alleged ravishment had been accomplished, and while declarant was under the influence of the mental excitement which it produced. It was made within such time after the act to which it referred, and under such circumstances, as to preclude the element of premeditation. Whart. Crim. Ev., sec. 263;

*State v. Jones,* 64 Iowa, 353; 1 Phil. Ev. 185; 1 Greenl. Ev., sec. 108; *Insurance Co. v. Mosley,* 8 Wall. 397. The rule of these authorities was recognized in *Armil v. Railway Co.,* 70 Iowa, 131.

II. Plaintiff testified that in the struggle with defendant her left leg was thrust through the stairway, between two steps, in such a manner as to receive injuries, and that there were injuries to her wrists and to portions of her body. She remained in the family of defendant, working as usual, from the time of the alleged assault to the twentieth of· the same month, when she went to her home, about four miles away, and there saw her mother. After plaintiff testified, her mother was called as a witness, and testified, without objection, that, at the time last mentioned, the plaintiff made complaint to her "about Rigby assaulting and ravishing her;" that there were then purple and blue marks on her wrists, and on her leg from the knee to the shoe; that the leg looked as though the skin had been scraped off. She then stated that the plaintiff complained of other injuries than those she had mentioned, and was asked, "What other injuries did she complain of?" and was permitted to answer, against the objection of defendant: "She complained of a pain in her side." Mrs. McMurrin was then asked to state whether plaintiff made complaint of any other injuries than those she had named, and was permitted to answer, against the objection of defendant: "That there was a pain in her side and around in her back; kind of in her back." Appellant complains of the admission of those answers. Appellee relies upon the case of *Gray v. McLaughlin,* 26 Iowa, 279, as supporting the ruling of the court. In that case this court said the declarations of the injured person, as to the nature and character of her suffering and sickness, should have been admitted in evidence, and that the expressions of one suffering from bodily pain and illness, relative to his health, being the natural consequence and usual indication of suffering and sickness, are admissible in evidence. But in

2. THE same.

that case the person injured was dead, and her declarations were of a nature to determine one of the issues in the case. They were held to be admissible in part, because they were "the natural consequence and usual indication of suffering and sickness." But the declarations now under consideration were not of that nature. It is not claimed that they were caused by physical pain. On the contrary, the record seems to show that they were made to corroborate the claim of plaintiff that she had been ravished by defendant, notwithstanding her resistance, and that injuries had resulted. It is not claimed that plaintiff was being treated for any of her alleged injuries at that time, while it appears that she had for nearly two weeks labored as usual, without serious, if any, difficulty. Her declarations were not, therefore, the natural result and expression of suffering, nor were they made to a physician for the purpose of treatment. Therefore, we are of the opinion that they should have been excluded. *Winter v. Railway Co.*, 74 Iowa, 450 ; *Roche v. Railway Co.*, 105 N. Y. 295 ; 11 N. E. Rep. 630.

III. Plaintiff introduced in evidence a portion of the underclothing which she claims was on her person, and torn by defendant in accomplishing the purpose of his assault upon her. Plaintiff testified that the garment thus introduced in evidence was in the same condition that it was left by defendant, excepting that it had been washed. We think the garment was properly received in evidence. The change in its appearance was to the advantage of defendant, as presumably the stains of blood had been removed by the washing, but its condition tended to support the claim of plaintiff in regard to violence. The fact that the garment had been washed was a proper one for the jury to consider in determining the weight which should be given to its appearance, and the testimony of plaintiff in regard to it.

IV. Appellant complains of the refusal of the court to allow a Dr. Skinner to testify as to the result

3. ——: ——: ——: torn clothing.

4. ——: ——:
——: exper-
iments made
by physician.
of certain experiments he made for the purpose of ascertaining whether sexual intercourse could be had by two persons occupying the position on the stairway which plaintiff had testified she and defendant occupied at the time of the alleged ravishment. The ruling of the court in question may be sustained, on the ground that the experiments were not made under such conditions, as to size of persons, as that the results would prove or disprove the claim of plaintiff. So far as is shown, the jury were as well able to judge of the truth of her claim without as with the rejected evidence. Furthermore, Dr. Skinner was permitted to testify, as an expert, that sexual intercourse, under the conditions described by plaintiff, was impossible.

V. Defendant testified in his own behalf. The plaintiff introduced a number of witnesses, who testified
5. ——: ——:
——: impeach-
ment of de-
fendant:
effect: in-
struction.
that his general moral character was bad. On cross-examination, most of those witnesses testified, in substance and effect, that defendant's reputation for truth and veracity, honesty, integrity, industry and sobriety was good. The court charged the jury in regard to such evidence as follows: "Now, as to this testimony, you are instructed that you are only to consider the same for the purpose of testing the credibility of the defendant as a witness on this trial, and not for the purpose of proving the wrongful acts charged in plaintiff's petition. Hence, if, when you have carefully weighed all such testimony introduced, you determine therefrom defendant's general moral character is bad, you might then discredit his testimony in all points in which you find he is not corroborated by other credible testimony before you." We think the language quoted did not fully express the law as applied to the facts disclosed by the evidence, and that it was of a nature to mislead the jury. "The general moral character of a witness may be proved for the purpose of testing his credibility" ( Code, sec. 3649 ); and he is said to be impeached when

his general moral character is shown to be bad.    But, if that fact be proven, it does not follow that his testimony should be discredited, where not corroborated.    That is especially true where it appears that the reputation of the witness, as to his moral character, is founded upon his indulgence in a single vice, as in immoral sexual intercourse.    In such a case, it is for the jury to say what, if any, credit should be given to the uncorroborated testimony of the witness, and they should not discredit it unless they believe its credibility has been destroyed.    See *State v. Mylor*, 46 Iowa, 192 ; *Green v. Cochran*, 43 Iowa, 553 ; *State v. Miller*, 53 Iowa, 210.

VI.    Other questions discussed by counsel are not of a nature to be likely to arise on another trial.    For the errors pointed out, the judgment of the district court is                                        REVERSED.