J. H. PLATT, Appellant, v. CHICAGO, ST. PAUL,
MINNEAPOLIS & OMAHA RAILWAY COMPANY,
Appellee.

**Personal Injury:** CONTRIBUTÒRY NEGLIGENCE: EVIDENCE. While the plaintiff, a drayman, was assisting the conductor of a freight train and a station agent in pushing a freight car by hand along one of the defendant's tracks, he was directed by the station agent to climb upon the car as quickly as he could and set the brake. The car was being pushed toward the station, and the plaintiff, being on the side of the car next to the station, ran forward to the ladder on that side, and in attempting to climb onto the car was caught between the eave of the projecting roof of the depot building and the edge of the car roof, and injured. The plaintiff knew that the car was higher and wider than ordinary freight cars, and went up the ladder without looking to see how near the car came to the roof of the station, nor whether there was a ladder on the other side of the car. *Held,* that the plaintiff was guilty of contributory negligence, and could not recover damages of the defendant for the injuries sustained.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

WEDNESDAY, FEBRUARY 10, 1892.

ACTION to recover damages on account of personal injuries alleged to have been "caused by the negligence of the defendant in building and having the roof of its depot dangerously and negligently low, and allowing and building it so as it projected dangerously and negligently too close to cars passing." At the conclusion of the introduction of testimony by the plaintiff, the defendant moved to dismiss the action, which motion was sustained, and the jury instructed to find for the defendant. The plaintiff's motion for new trial being overruled, judgment was entered for the defendant on the verdict, from which the plaintiff appeals, assigning as errors the sustaining of the defendant's motion to dismiss, and directing a verdict, and in overruling the plaintiff's motion for new trial. *Affirmed.*

*McMillan & Van Wagenen*, for appellant.

*J. H. & C. M. Swan*, for appellee.

GIVEN, J.—The facts shown by the evidence introduced by the plaintiff are as follows: The plaintiff, then aged twenty-three, was, on and for some time prior to October 30, 1889, in the employment of a Mr. Wallace as a drayman at Rock Rapids, and was familiar with the defendant's depot building and platforms at that station. A car somewhat higher and wider than ordinary freight cars, loaded with lumber for a Mr. Lyon, was at the station, which car the plaintiff was assisting in unloading. On that day he and Mr. Wallace commenced unloading the car where it stood, but, the place being less convenient for that work than a point north of a crossing near the south end of the depot building, the plaintiff requested one of the defendant's conductors to have the car pulled over the crossing, which he did, but not as far north as the plaintiff desired. The plaintiff said to the conductor that he wanted it above the crossing, to which he replied, "All right, we will run it up by hand." The conductor, Mr. Bushnell (defendant's station agent) and some others, with the plaintiff and Mr. Wallace, proceeded to push the car further north along a side track passing on the west side of the depot building, the plaintiff being at the southeast corner of the car. While the car was in motion, Mr. Bushnell, looking towards the plaintiff, but without naming any person, said: "Climb on the car as quickly as you can and set the brake." The plaintiff stepped back, and, seeing a ladder on the east side of the car at the further end, climbed upon the depot platform, ran to the ladder and up the same, and was caught between the eave of the projecting roof of the depot building and the eave or edge of the car and injured, to his damage. The depot building was originally con-

structed with the platform about eight feet wide on the east and west sides thereof. It was afterwards, and long before this accident, moved north and west, so as to admit of an addition on the south end and a platform ten or twelve feet wide on the east side, the platform on the west being cut down to four or five feet. The roof was left unchanged, and projected west about as far as the platform, or within two to two and one half feet as far west as the nearest rail. The rail and roof were not in line, the space between a passing car and the roof being less at the north than at the south end of the roof. The plaintiff left the southeast corner of the car, where he was pushing, to go upon it to set the brake, without looking for or knowing that there was a ladder on the other side of the car; and, though he knew that the roof projected, and that the car was higher and wider than ordinary freight cars, he went up the ladder without looking to see how near the car came to the roof. Question is made between counsel in argument whether or not the defendant's agent had agreed with Mr. Lyon to leave all his cars of lumber at the point where this one was being placed for more convenient unloading. There is no evidence of such an agreement, but Mr. Wallace states that it was the customary place, and that he told the agent the evening before to set this car at that place. There is also question as to whether the agent told the plaintiff to go upon the car and set the brake. The plaintiff and Mr. Wallace each so state, but when their attention is directed to the matter they agree in saying that he did not name any person, but the plaintiff states that he looked at him at the time he spoke the words.

If from this evidence there is nothing to show an absence of contributory negligence on the plaintiff's part, or if it appears without controversy that he did not exercise ordinary care, the court properly directed the verdict. *Starry v. Dubuque & S. W. Ry. Co.*, 51 Iowa, 419; *Griffin v. Chicago, R. I. & P. Ry. Co.*, 68

Iowa, 638; *Murphy v. Chicago, R. I. & P. Ry. Co.*, 45 Iowa, 661. It appears without controversy that before the accident the plaintiff knew that this roof projected; that the car was higher and wider than ordinary freight cars; that while going upon and up the ladder he could have readily seen the danger by a single look at the roof; and that he attempted to go upon the car without looking. That he did not look is evident from the fact of the occurrence of the accident, for had he looked he would have seen the danger, and seeing it would surely have avoided it. There was nothing in the order to go upon the car, and no present emergency to excuse the plaintiff from looking, nor that required him to incur the danger. If knowing the danger he had not attempted to go upon the car, the only consequence, so far as appears, would have been that the car would pass beyond the point desired, and necessitate the labor of pushing it back. The plaintiff could have remained upon the ladder until the car passed the building, and then gone up in safety and stopped it before it had gone any considerable distance beyond the desired point. Whatever the relations of the parties were, it was clearly the duty of the plaintiff to exercise care in attempting to go upon the car. "He must not go blindly and heedlessly to his work when there is danger." *Magee v. Chicago & N. W. Ry. Co.*, 82 Iowa, 249; *Muldowney v. Illinois Central Ry. Co.*, 36 Iowa, 462. We are clearly of the opinion that there is not only an entire absence of testimony showing care by the plaintiff, but that it appears affirmatively that he was guilty of negligence directly contributing to the injury complained of. This conclusion renders it unnecessary that we inquire as to the alleged negligence of the defendant, or as to the relation of the parties.

There was no error in directing a verdict for defendant, nor in overruling plaintiff's motion for a new trial. Affirmed.