Owen Fargusson *vs.* Duluth Improvement Co. *et al.*

Argued Dec. 12, 1893.    Affirmed Jan. 15, 1894.

No. 8537.

**Breach of an oral contract to convey land, not a ground for damages.**

Where parties enter into an oral contract for the vacation of a plat of real property and the replatting of the same, which is done, and a further oral agreement is made by the same parties at the same time, as a part of such oral contract, that one of the parties should convey to the other a portion of the replatted premises, but which portion it is admitted cannot be located or described, and that, therefore, specific performance cannot be enforced, and there has been no entry into possession of said premises under the contract, an action for damages for nonperformance of the oral contract cannot be maintained, as it is within the statute of frauds, and therefore void.

Appeal by plaintiff, Owen Fargusson, from a judgment of the District Court of St. Louis County, *Frederick Hooker,* J., entered January 9, 1893, that he take nothing by his action.

*White & McKeon,* for appellant.

*Walter Ayers,* for respondents.

Buck, J.    Commerce Division of Duluth was platted, and the plat thereof filed for record in the office of the register of deeds of St. Louis county, Minn., on the 2d of April, 1872, and afterwards, a majority of the owners deeming it more beneficial to have said plat vacated and the ground replatted, they, together with these defendants, made a petition to the District Court of St. Louis county, praying for the vacation of said Commerce Division, and said District Court, on the 12th day of October, 1885, by its judgment and decree vacated the said Commerce Division of Duluth, except certain

avenues thereon, and afterwards the premises were again platted under the name of "Bay Front Division." Under the pleadings it is difficult to determine whether the area of land platted as Commerce Division is similar and identical with that of Bay Front Division.

The complaint alleges that at the time of the filing of said petition for replatting said premises one Clarence H. Clark was the owner of lots No. 3 and 4 of block No. 41 of said Commerce Division, and was made a defendant in the proceedings, and appeared, and filed an answer with reference to and on account of said lots; and that, after the putting in of the answer, the defendant Luther Mendenhall and the Duluth Improvement Company solicited Roger S. Munger to purchase the interest of said Clark, and he did so, together with other property from said Clark, and, after he did so, he and the defendant agreed that Munger, as successor to Clark in the ownership of said property, should withdraw all opposition to said petition, and allow said plat of Commerce Division to be vacated, and slips that might be used for navigation be platted through the Bay Front Division, and corresponding to the location of the street in the former plat; and the said defendant herein, on the other hand, agreed in consideration thereof that said Munger or his assigns should have such amount of land, so situated with reference to streets and slips, as to be convenient to both, and so should give him an equitable proportion of the property under the new arrangement corresponding as nearly as possible to the old location, and giving the same comparative amount of territory in the new plat to that in the old plat that the area of the two lots after the vacation of Commerce Division bore to the whole area platted as Bay Front Division.

The complaint further alleges that Munger withdrew his opposition to the replatting, and consented that Bay Front Division should be platted as agreed upon, which was done. The complaint, which is quite lengthy, contains the further allegation that defendant refused to carry out its part of the agreement, and that plaintiff is the grantee of Munger's former interest in said premises, and is also the assignee of Munger's right of action for damages by reason of defendant's nonperformance of said contract. The relief asked is for the amount of his alleged damages, viz. $31,750. Issue was

joined, and when the case was called for trial the plaintiff's counsel stated in open court that for the purposes of this action and trial the alleged contract made between Munger, Luther Mendenhall, and the Duluth Improvement Company was an oral contract. There was no offer to show that there had ever been any entry into possession of the premises under the oral agreement, nor any consideration paid, nor any performance of the contract, except the vacation of the plat, and the replatting of the premises, as before stated. Thereupon the defendant moved to dismiss the action, which motion was granted by the court. Judgment was rendered in behalf of the defendant, and the plaintiff brings this appeal.

The plaintiff's counsel, in his brief, makes this assertion and admission in regard to Munger's contract, viz.: "Had the land to be conveyed to him been particularly pointed out, he could have enforced the contract specifically. It was to be an approximate locality, and be an amount that could be accurately determined by the number of feet of width running through from street to slip; but which particular $122\frac{1}{2}$ feet it should be was not determined, and therefore specific performance could not be decreed by the court, because of the uncertainty in the location of the land conveyed." We assume that this is a correct statement of the matter, at least as against plaintiff. If a parcel of land is so uncertain that it cannot be located by interested parties or any one else, any contract relating to its sale could not be specifically enforced. But, as we understand plaintiff's contention, it is not the value of what he was to receive, but the value of a right which he lost, by the bargain, and its non-performance by the defendant, which is the gist of his action. But he did not part with any property which the party has received. The plat was changed, it is true, but the title to the identical property described in the first plat has not been transferred or changed. There was no deed or conveyance of it to any one. Suppose that for good cause the property should again be vacated, then the plaintiff would have the same property which was owned by his grantor before the vacation.

He seeks to recover as damage the difference between the actual value of the land replatted by his grantor, and now owned by him in its present condition, and the value of the parcel to which he alleges he is entitled under the alleged agreement. But, as we have shown,

he alleges that the parcel of land to which he is entitled under the agreement cannot be described or located. How can he ascertain the measure of damages, then, if he does not know where the land can be found? How can he prove its value when he does not know where it is located?

In his complaint the plaintiff alleges that the value of the parcel of land to which he is entitled under his agreement is $36,750, and that the actual value of the parcel of land which he owned and which was changed by the replatting is worth now in its present condition $10,000.

If there were no other objections to the plaintiff's recovery, the very fact that he cannot describe the property to which he claims he is entitled would be a very important objection to his maintaining this action, because of the impracticability of establishing a just measure of damages. But the principal fault or vice of the plaintiff's position is this: that the whole bargain or contract relating to this replatting of the land in its changed condition was oral, and void by the statute of frauds. The authorities which he cites are not in point, and we are not, by this opinion, in any manner laying down a different rule or doctrine than is to be found in the decisions of this court. Here it is not the value of the property which he has lost, or a consideration which he has actually parted with, but the violation of a certain bargain; in other words, he is attempting to enforce certain rights which he admits rest in parol, and which relate to the real property in dispute. Such contracts, as we have said, being void, cannot be enforced by the recovery of damages for their violation.

The judgment, therefore, appealed from, is affirmed.

(Opinion published 57 N. W. Rep. 480.)