Blanch B. Fish, Administratrix, v. The Illinois Central Railway Company, Appellant.

**Contributory Negligence.** Except where contributory negligence is affirmatively shown or where there is an entire absence of facts upon which to base an inference of due care despite the aid of reasonable and natural presumptions, it will not be held, on appeal, that one who was injured while acting in the line of his duty, no one seeing the accident, was guilty of contributory negligence.

**Assuming Risk** does not preclude recovery for the death of a brakeman caused by stumbling on a loose stone in the yards, though he knew that gravel trains from which stones fell were in the yards where he went to work at midnight and also knew that the company was accustomed to clear such stones from time to time.

**Evidence.** Statements as to the cause of an accident made within two minutes after it happens, are admissible as *res gestæ*.

**Same.** It may be shown that decedent left little property. It bears on what inducements he had to be industrious. *Beemis v. Railway Company*, 58 Iowa, 150, *distinguished*.

**Rule: WAIVER.** A rule may be waived because of the fact that officers know it is being disregarded by employes, though the latter have knowledge of the rule and of the dangers the rule is intended to avert.

*Appeal from Cherokee District Court.*—Hon. G. W. Wakefield, Judge.

Friday, January 24, 1896.

Action for personal injuries. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*John F. Duncombe* and *E. C. Herrick* for appellant

*J. D. F. Smith* for appellee.

Granger, J.—I. The plaintiff is the administratrix of the estate of Howard Fish, deceased, who was a brakeman on defendant's line of road, and was, in the month of December, 1890, in defendant's yard at Cherokee, Iowa, while uncoupling cars, run over and killed. This action is for damage to the estate, based on averments of negligence. The particular negligence averred and relied upon is that of permitting cobble-stones to accumulate and remain on the track in the yard. The accident occurred in the night, when it was very dark, and while the deceased was engaged as one of a switching crew. Some cars were moving along on a track at the rate of from three to four miles an hour when he stepped in to uncouple and detach the rear car, and, in doing so, he fell, and was so injured that he died. The theory of plaintiff is that he stumbled because of cobble-stones on which he stepped, and fell. In argument, it is conceded that the yard at Cherokee is unusually well-surfaced, and in good condition for brakemen to do such work; but it appears that the company has a gravel bed near Cherokee, and that in the fall of 1890, it was taking gravel from the bed for distribution along its line. In doing this, flat cars were used, and cars or train loads of gravel would be run into the yards at Cherokee, and the gravel, in which were stones and pieces of bowlders, would fall from the sides and ends of the cars along the tracks. At times the gravel would be cleaned off by the yard men. Appellant particularizes the evidence somewhat, as to there being a stone at the place where the injury occurred, and insists that but one stone, the size of a hen's egg, was within two feet of where the deceased went in to uncouple the cars. We do not think that the evidence in this particular is so conclusive as that we should interfere with the finding of the jury that the fall was caused

by a stone or stones along the track, for such a finding there must have been, under the instructions, before there could be a verdict for the plaintiff. No partial review of the evidence would be of use, and we will not attempt it in full.

II.    It is also contended that there is no proof of a want of contributory negligence on the part of the plaintiff. It is in evidence that he was engaged with the switching crew; that he was in the line of his duty, —that is, where he should have been,—and doing the acts required of him. No one saw the accident, and there is no direct evidence showing how he was doing the particular act resulting in the loss of his life; nor do we understand that such direct proof is required. It is true that a want of contributory negligence must appear, but it may be inferred from the circumstances of the case. See *Nelson v. Railway Co.*, 38 Iowa, 564; *Murphy v. Railway Co.*, 45 Iowa, 661. In this case there are no facts to in any way militate against the inference of due care to be drawn from the manner in which the duty seemed to be performed. See, also, *Greenleaf v. Railway Co.*, 29 Iowa, 14, as clearly in point. In nearly, if not all, the cases in which this court has interfered with the finding of a jury on the question of contributory negligence, the condition of the record has been such that the fact of such negligence was the legitimate or fair inference from established facts. We have not in mind a case in which such a finding has been disturbed where the record did not amount to an affirmative showing of negligence, or show such an entire absence of facts as to leave no basis for an inference of due care with the aid of reasonable or natural presumptions. See, as indicating the general tenor of such holdings, *Merryman v. Railway Co.*, 85 Iowa, 635 (52 N. W. Rep. 545); *Sala v. Railway Co.*, 85 Iowa, 678 (52 N. W. Rep. 664); *Platt v. Railway Co.*, 84 Iowa, 694

(51 N. W. Rep. 254); *Tierney v. Railway Co.*, 84 Iowa, 641 (51 N. W. Rep. 175); *Nixon v. Railway Co.*, 84 Iowa, 331 (51 N. W. Rep. 157); *Bryson v. Railway Co.*, 89 Iowa, 677 (57 N. W. Rep. 480); *Moore v. Railway Co.*, 89 Iowa, 223 (56 N. W. Rep. 430).

III. It is said that the deceased, because of his knowledge of all the conditions under which the service was rendered, and his continuing in the service with such knowledge, waived any negligence thus known, and a right of recovery therefor. It is true that the deceased was very familiar with the yard, and that he knew of gravel cars and trains being in the yard, and of stones falling therefrom along the track, and, likely, knew of the danger because of them. The case is not within the rule of any cited case where a waiver is held because of such knowledge. This man came to his work in the yard at midnight each night, and worked until noon the following day. The company was in the habit of cleaning off these stones that would fall from the cars from time to time, and, the general condition of the yard being good, and the presence of these stones an exception, he would not be presumed to know, as he came into the yard, in the dark, at night, that stones had fallen in any particular place. In fact, he would not know but that all had been removed. The case is not like *Kuhns v. Railway Co.*, 70 Iowa, 561 (31 N. W. Rep. 868). The conditions of the employment in that case were known, and the party injured was held to have assumed the risk incident to such a service. The distinction between the cases is marked and manifest.

IV. The closing sentence of rule 40, issued by the company for the information and guidance of its employes, is as follows. "It is dangerous to uncouple, or attempt to place links or pins in drawbars, while the cars are in motion, and it is strictly forbidden."

These rules were signed by the general manager of the road. The following, signed by plaintiff's intestate, is in the record: "Cherokee, Iowa, 10-28-89. I, the undersigned, being employed as brakeman by the Dubuque & Sioux City Railroad Company, hereby acknowledge that I have been made acquainted with the contents of the foregoing statement, signed by Edward T. Jeffrey, general manager of said company, and understand the same, and have received a copy thereof, and the risks and dangers incident to my employment have been fully explained to me. [Signed] H. W. Fish. Age 21 years." It is without dispute that the injury resulted from an attempt at uncoupling cars when in motion. Appellant refers to our holding, in *Lowe v. Railway Co.*, 89 Iowa, 430 (56 N. W. Rep. 519), that such a rule may be waived by the rule being disregarded for such a time and in such a manner that the officers were chargeable with notice; but it is thought that the stipulation, signed by Mr. Fish, whereby it is shown that he had positive knowledge of not only the rule, but the dangers incident to the employment, should induce a different rule. We cannot see why. There was a similar rule, in that case, delivered to the brakeman, stating the danger from getting between cars in motion to uncouple them, and prohibiting the doing of it. The rule in that case is announced on the theory that the brakeman knew the facts; and the cases, in respect to this point, are in all essential particulars alike. The jury specially found that the rule was waived in the yards at Cherokee, and the finding has support.

V. A Mr. Ferguson was yard-master at Cherokee at the time of the accident. He reached where Fish lay about two minutes after the accident, and found him lying on his side, four or five feet from the rail. He

asked Fish how it happened, and Fish answered that he "stumbled on a stone; he was getting the pin." The question and answer were against objections, and the question is whether or not it was a part of the *res gestae*. We think it was. The injury and the statement were, practically, concurrent in point of time. They were so identical as to time as to preclude the element of premeditation. In *McMurrin v. Rigby*, 80 Iowa, 322 (45 N. W. Rep. 877), an action for damages for rape, the declarations were a "few moments after the alleged ravishment," and were held admissible. It seems to be appellant's thought that a declaration cannot be a part of the *res gestae* if made after the actual injury. We know of no case holding to such a rule. The law recognizes things said and done, so soon after the act complained of as to be, in effect, a part of it, as of the *res gestae*, and, applying the rule to declarations, if they are within such time as that premeditation is precluded, they may be regarded as a part of the thing done. This is not to be regarded as the invariable test, but it is a test, and has application to the case. In *Armil v. Railway Co.*, 70 Iowa, 130 (30 N. W. Rep. 42), it is said: "The *res gestae* or transaction was the accident, and how it occurred. It is not essential that the declaration sought to be introduced in evidence was uttered at the identical time the accident occurred; but, if made soon afterwards, and explanatory thereof, it is admissible."

VI. Plaintiff was permitted to show the estate left by her intestate, and that it consisted of nothing except "houshold furniture and such things as that." In *Beems v. Railway Co.*, 58 Iowa, 150 (12 N. W. Rep. 222), it was held by a divided court, three to two, that it was not competent to show the accumulations to affect the question of damage. All that can be said of that case is that it denies the right of showing

accumulations with a view to enhance damages because of it; but the case recognizes the right to show that the deceased was dependent on his earnings, and had no money, as a probable inducement to industry. Nothing more was done in this case. The deceased was practically shown to be without an estate. It is not intended by what is said in this opinion to commit this court, as now organized, to an approval or disapproval of the rule of *Beems v. Railway Co.,* should the question therein determined as to such evidence hereafter arise. In this case the jury assessed the damages at fifteen thousand dollars. Under advice from the court, to avoid a new trial, the plaintiff elected to accept five thousand dollars, and the judgment is for that amount. There are two or three other points made that have been examined, and there is no error. The judgment is *affirmed.*