The Gulf, Colorado & Santa Fe Railway Company
v. W. D. Bagley.

No. 110.

**Charge — Negligence a Fact for Jury.**—A charge enumerating certain conditions, with instructions that if found by the jury they should find for the plaintiff, in effect, is to declare that the acts enumerated constituted negligence. It is beyond the province of the court to so instruct the jury. As to whether certain facts are acts of negligence in a given case is to be determined by the jury.

Appeal from Milam.    Tried below before Hon. John N. Henderson.

*J. W. Terry* and *Alexander & Clark,* for appellant.—The court erroneously encroached upon the province of the jury in directing the jury to find for plaintiff if he acted under the advice and direction of the conductor, and the movement of the train was such as not to appear dangerous to a reasonably prudent man; and the allusion of the court relative to the speed of the train was not warranted by the evidence. Franklin v. Smith & Harris, 1 Posey's U. C., 229; Frisby v. Withers, 61 Texas, 134; Railway v. Ormond, 62 Texas, 274; Railway v. Greenlee, 62 Texas, 344.

*E. L. Antony* and *T. S. Henderson,* for appellee.— 1. All questions of fact are for the jury, and the court acted properly in submitting to the jury the question whether plaintiff as a fact relied on the directions of the conductor, and whether the movement of the train would have appeared dangerous to an ordinarily or reasonably prudent man.    They are questions of fact for the jury in determining whether there was as a fact that degree of negligence on part of plaintiff which would constitute what the law terms contributory negligence under the rule recognized in Railway v. Gorbett, 49 Texas, 573; Railway v. Leslie, 57 Texas, 87, and Railway v. Hassell, 62 Texas, 260.

2. It is a question of fact whether the rate of speed, under the circumstances, was such as to an ordinarily and reasonably prudent man would

appear dangerous, and the jury must find the fact. It was amply warranted by the evidence under all the circumstances of the case.

3. The court did not thus encroach upon the province of the jury, but specially left the question of fact to them, where the law places it. Railway v. Leslie, 57 Texas, 87; Railway v. Gorbett, 49 Texas, 573; Beauchamp v. Railway, 56 Texas, 239; Railway v. Hassell, 62 Texas, 260; 2 Am. and Eng. Encycl. of Law, 754, notes 1, 2, 3; Railway v. Wisenor, 66 Texas, 674; Railway v. Rider, 62 Texas, 267.

FISHER, CHIEF JUSTICE.—This is an action by the appellee to recover of appellant damages for injuries sustained in leaping from a moving train in operation on appellant's road. The appellee's case is, that he was invited to take a free ride by the conductor of the train, who agreed to put him down at a place other than a regular station. That upon arrival at the place where he intended to leave the train, it did not stop as the conductor agreed it would, but he was told by the conductor that he could get off with safety, and was instructed by the conductor how to jump off, and that there was no danger in so doing. That plaintiff did not know of the danger, but relied upon the statement of the conductor that it was not dangerous to alight. That he exercised due care in alighting from the train, and did so as instructed by the conductor, and in the attempt he was violently hurled to the ground, and was injured, etc.

The above, in the main, except the fact of injury, was denied by the appellant, and it was charged that the appellee was a trespasser upon the train, and that he was guilty of contributory negligence in leaping from it.

Verdict and judgment for appellee in the sum of $1500.

Appellant's ninth assignment of error complains of the following charge given by the trial court:

" If you believe from the evidence that plaintiff, on or about April 6, 1887, got on the car of defendant with the invitation of the conductor of the train to which said car was attached, and said conductor agreed to stop the train and let plaintiff get off at a point on the line of defendant's railway other than a stopping place or station; and you believe that plaintiff knew of no rule or regulation, and was not charged with notice of such regulation of the company to the contrary, inhibiting the conductor from such conduct; and you further believe, that when the train reached the point where plaintiff desired to get off, plaintiff called on the conductor to stop the train so as to permit him to get off, and the conductor thereupon informed plaintiff that it was not dangerous to get off the train while it was in motion, and directed plaintiff how to get off; and you believe that the train was not at the time running at a rate of speed that appeared dangerous to a reasonably prudent and cautious man to get off of it, and that, under the circumstances, it did not appear to plaintiff to be dangerous or hazardous to get off the train at that time,

and that acting under the direction and advice of said conductor, he attempted to get off said car while the train was in motion; and you further believe that in doing so plaintiff was violently thrown down and injured in said attempt, then plaintiff is entitled to recover from defendant the actual damages sustained by him."

The effect of this charge is to declare that certain acts enumerated constitute negligence. It is beyond the province of the court to so instruct the jury. As to whether certain facts are acts of negligence in a given case, is to be determined by the jury, and not by the court. Garteiser v. Railway, 2 Texas Civ. App., 230.

While this charge does not in terms tell the jury that these acts enumerated would constitute negligence, it instructs them, that if they believe these to be the facts, "then plaintiff is entitled to recover from defendant the actual damages sustained by him." The effect is the same as if the court had instructed them that such acts constitute negligence.

The entire charge is somewhat confusing, especially the fourteenth subdivision of it, and it may be that while a close analysis of the fourteenth subdivision may free it from substantial objection, the language used may have conveyed the idea that the jury could have found in appellant's favor although he was guilty of contributory negligence.

For the error in giving the charge quoted, we reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered April 19, 1893.