HANNAH R. HAGGERTY, Administratrix, v. THE CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellant.

Contributory Negligence: Hanging on Car Ladder. One whose duty it was to take car numbers, came down the side ladder of a car, soon to stop, but in motion, to the bottom of the ladder, and while hanging there to alight when the car stopped, was killed by coming in contact with a switch which could not have struck him had he been higher up. *Held,* that there was contributory negligence. See *McKee v. Railway Co.*, 83 Iowa, 616.

*Appeal from Dubuque District Court.*—HON. JOHN J. NEY, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

THIS is an action to recover damages for a personal injury resulting in the death of Hugh C. Haggerty. From a judgment on a verdict for the plaintiff, the defendant appeals.—*Reversed.*

*D. E. Lyon* for appellant.

*J. H. Shields* for appellee.

ROTHROCK, J.—Hugh C. Haggerty was in the employ of the defendant as car accountant at Dubuque on the thirtieth day of September, 1887. On the evening of that day he was killed while riding on the ladder on the side of a box freight car. The evidence tends to show that he came to his death by contact with a switch stand at the side of and near the railroad track. There is some evidence tending to show that the deceased jumped from the ladder, but the jury were fairly warranted from all the evidence in finding that he came to his death by hanging on the ladder, and that he was knocked off the ladder by striking against the switch stand; and we think that the finding involved in the verdict, that the switch stand was too near the track, is justified by the evidence.

A number of questions were raised on the record which call in question the correctness of the court's rulings upon the admission and exclusion of evidence. But few of these questions were presented in the arguments made in this court, and, in the view we take of the case, it is unnecessary to consider any of them. The main question in the case is whether the jury were authorized in finding from the evidence that the deceased was free from negligence which contributed to the injury which caused his death. In other words, did the plaintiff show, by sufficient evidence to authorize a verdict, that the deceased was not negligent in riding on the car by holding to the ladder on the side thereof? It would be impossible, by any statement of facts which we can make from the record, to reproduce the exact situation surrounding the deceased when he came in contact with the switch. It was his duty in the prosecution of his work, to take the numbers of the cars of incoming trains, and to take the seals, as some of the witnesses expressed it. The seal is a strip of tin fastened or wrapped around the fastening on one of the side doors of the car. We do not understand that it is

the duty of the car accountant to remove the seal. As
we understand it the seal is stamped with the number
of the station from which the car is sent, and it is the
duty of the car accountant to take this number. The
numbers of the cars are in large figures on the side of
the car and also on the end. It is impossible from the
record before us to describe the exact situation surround-
ing the deceased when he came in contact with the
switch stand. It appears that the train was in the
yards, switching, and moving back and forth. The
deceased was for some reason on top of one of the box
cars. It is claimed by counsel for appellee that he was
engaged in taking the numbers of the cars by looking
down between them, and getting the numbers from the
ends, and there is evidence showing that the numbers
could be taken in that way; but there is no evidence
that he was thus engaged, and this was no reason or
excuse for hanging at the foot of the ladder at the side.
It is claimed by counsel for appellee that he was in his
proper place, swinging on the ladder, to take the num-
bers from the side of the cars in the train, and to take
the seals or numbers of the seals, and there were wit-
nesses who had the hardihood to make that claim under
oath. It does not appear that there was any rule of the
company upon the subject, and no such claim is made
in the petition. The right of recovery is based upon
averments that deceased was rightfully on top of the
train, "so as to perform his duty in connection there-
with when the same should stop, and when said cars
were detached from the engine, were running to a point
where the same were to stop, said decedent, while in
the discharge of his duty as such employee and car
accountant, and in the exercise of all due care, and
without any negligence on his part, as said cars were
soon about to stop, went from the top of the car, where
he was standing, down the ladder on the side thereof—
the same being the means provided to reach the ground

from the cars aforesaid—to the lower end of the ladder aforesaid, and while there standing and waiting for said car and train to stop, so that he could safely reach the ground, where his duty and business at that time called him, and while in the performance of his duty, and in the exercise of all due care while so standing on the ladder aforesaid," he was struck by the switch. The evidence shows beyond all question that the averment of the petition that "said cars were soon about to stop" is true. It further appears that if the deceased had not gone down to the very bottom of the ladder he would not have been injured. Indeed, the evidence tends strongly to show that he must have had his foot on the oil box under the car in order to be low enough down to come in contact with the switch.

At the close of the introduction of the evidence, the defendant made a motion to direct a verdict for the defendant. We think the motion should have been sustained, on the ground that there was not only no showing on the part of the plaintiff that the deceased exercised the care and caution required by law, but that the evidence plainly and without conflict showed that he was riding on the ladder without any reason for so doing, and in reckless disregard of his safety. It is unnecessary to cite the long line of cases in this court sustaining these views. For a full discussion and reference to authorities upon the question, see the late case of *McKee v. Railway Co.*, 83 Iowa, 616, 50 N. W. Rep. 209. The judgment of the district court is REVERSED.