## John H. Brown v. The Burlington, Cedar Rapids & Northern Railway Company, Appellant.

Injury to Brakeman: NEGLIGENCE OF ENGINEER. The petition averred that injury occurred because engineer set the brake too quick and so jerked plaintiff from a brake beam upon which he was standing. While the engineer testified that he did not know that plaintiff was on the beam, other testimony tended to show that a man in plaintiff's place, and at his then work, must needs stand on such beam. *Held*, it was for the jury whether the engineer knew that plaintiff was in that position.

SAME: FOLLOWING INSTRUCTIONS. The jury does not act in violation of instructions charging a railroad is not liable for an accident caused alone by an unusual application of a brake by the engineer; that applying them more quickly than was requisite, if the engineer acted sooner than was necessary, was not, necessarily, negligence; that not being specially directed it was the brakeman's duty to take the safest method, and that if plaintiff did not signal to slacken speed, he can not complain of the speed used—in a case where the evidence leaves it debatable whether the application of the brake was a negligent act, and plaintiff seems to have done his part in the usual manner of doing it.

SAME: CONSTRUCTION. A charge that plaintiff may recover if an engineer did certain acts *negligently*, and plaintiff was not negligent, does not direct that the acts named *constitute* negligence, especially where other instructions have fully defined what would be negligence on part of both parties.

*Appeal from Linn District Court.*—Hon. J. H. Preston, Judge.

### Friday, October 26, 1894.

ACTION to recover for a personal injury received by the plaintiff while engaged as a brakeman on the defendant's road. There was a judgment upon the verdict for the plaintiff, and the defendant appeals. —*Affirmed.*

*S. K. Tracy* and *J. C. Leonard* for appellant.

*Smith & Clemans* for appellee.

ROTHROCK, J.—I. It is important to clearly understand the issues made in the case.  The abstract of the petition and answer, as made by the appellant, is a condensed and a correct statement of the claim of the plaintiff, and the defense thereto by the defendant. It is as follows:  "On the thirtieth of August, 1891, the plaintiff was in the employment of defendant as a brakeman on its trains, and had been for a long time prior thereto; that on said date, as a brakeman on one of its freight trains running through Vinton, the plaintiff was required by the conductor in charge of the train to assist the other employees of defendant in placing some cars from said train on the side, or elevator, track of defendant's road at Vinton; that while in discharge of their duties, and while said service was so directed by the conductor, and especially while engaged in setting out said box cars, the engineer in charge of the engine pulling the said train carelessly and negligently, ran the engine with two box cars at an extremely high and hazardous rate of speed back upon said elevator track, and there, knowing of plaintiff's position, in a quick, violent, and negligent manner, without warning to or signal from plaintiff, set the air brakes upon said engine and tender, so as to jerk the brake beam from beneath the feet of plaintiff, who, in the line and proper performance of his duties, and without any negligence on his part, was standing upon said brake beam in the act of uncoupling cars from the engine pushing them; that, by reason of said carelessness and negligence of defendant's engineer and fireman to wait for the signals from plaintiff to stop the engine, the plaintiff, without carelessness or negligence on his part, was precipitated beneath the wheels of said tender, and his right foot was crushed, so that on said date, at the instance of defendant's surgeon, it was amputated at a point about eight inches below the knee; that by reason thereof plaintiff suffered great bodily

pain, lost much time, and has expended large sums of money for nursiug and care; that he has been permanently injured, to plaintiff's damages in the sum of ten thousand dollars.'' The answer denied each and every charge of negligence made against defendant in the petition, and averred that plaintiff's injuries were brought about through his own carelessness and negligence in falling from the position which he had negligently assumed. The plaintiff was about thirty-three years old when he received his injury. He had been engaged in railroad employment about five years. For two years prior to the injury he was a freight train brakeman on the defendant's road. On the day of the casualty he was on a train going south from Rockford to Cedar Rapids. When the train arrived at Vinton, three cars were required to be set out on a side track. The plaintiff, in performance of his duty, adjusted two switches so that the three cars would be placed upon the proper track. The cars were next to the engine. They were uncoupled from the other cars in the train, and taken by the engine along the track, and backed in over the two switches. After the switches were set, it was necessary to uncouple the cars from the engine, so that they could be backed up to the place where they were to remain on the side track. The engine and cars were moving with some rapidity, and the plaintiff went between the first car and the tender attached to the engine to uncouple the engine from the cars, so that they would proceed by their own momentum to their proper place on the side track. Another brakeman was on top of one of the moving cars, to stop them at the proper time. When the plaintiff went between the tender and the car, he seized a hand-hold on the corner of the tender, and swung himself in, and with his other hand seized another hand-hold on the end of the tender, and placed one of his feet on the brake beam below, and succeeded in pulling the pin by releasing

one of his hands.   Just as he made the uncoupling, he
lost his footing on the brake beam, and  his leg went
down, and one of the wheels of the  tender passed over
and crushed his foot.   The train was equipped with air
brakes, which  are  managed  and  controlled  by  the
engineer.   The brake beam upon  which  the plaintiff
placed his foot is a round iron shaft  from three to four
inches in diameter, to  which what  are  called "brake
shoes" are attached, which, when  the  brakes  are  set,
press upon the wheels.   When not set, the  beam  and
shoes hang away from the wheels some  three or  four
inches.  Just before the plaintiff lost his footing on the
brake beam, the engineer set the brakes.   The plain-
tiff, in his testimony, stated the  situation  immediately
attending the casualty as follows:    "I had  just pulled
the pin, and laid it back on the  deadwood, and was  in
the act of turning around to catch hold with  my  other
hand, when the  engineer set the  air,  and  jerked  the
brake beam from under my foot.   As I stood upon this
beam, my right foot must have  been  very  close to the
end of the brake beam.   My left foot would have been
further in."

There is really no controversy thus far in the case.
It is conceded that the  air  brakes  were  set  by  the
engineer while the plaintiff was between the tender and
the  car; and the  engineer knew,  when  he  set  the
brakes, that the plaintiff was in  that position.   There
are really but two material questions in the case.   One
is, was the engineer  negligent  in setting  the brakes at
the time he did so.   The other is,  was the  plaintiff
chargeable  with  contributory  negligence   in  going
between the cars  and tender  to  uncouple them.   The
solution of these questions depends upon  the evidence
in the case as to the manner in which the plaintiff and
the engineer performed the duties  required of  them in
the movement of the engine and cars, so that the work
in hand could be accomplished.

II.  The first ground of complaint in the argument of defendant's counsel is directed to the fifth paragraph of the charge of the court to the jury.  It is as follows:  "(5) It is established by the undisputed evidence that plaintiff, on the thirtieth day of August, 1891, was in the employ of the defendant as a brakeman on a freight train; that on said day, at Vinton, Iowa, while switching some cars onto a side track, plaintiff received an injury resulting in an amputation of his leg.  And if, in addition thereto, you find from the evidence that the engineer in charge of the engine attached to said freight train negligently ran said engine and two of these box cars upon said side track at a high rate of speed; that he then and there, in a quick, violent, and negligent manner, without warning to or signal from the plaintiff, set the air brakes upon said engine; that by reason thereof plaintiff's feet were jerked from off the brake beam, where plaintiff, in the line of proper performance of his duties, was standing; that plaintiff, without negligence on his part, was thereby precipitated beneath the wheels of said engine and tender, and received said injury, then plaintiff will be entitled to recover, and you should find for the plaintiff.  If you fail to so find, then plaintiff will not be entitled to recover, and you should find for the defendant."  It is urged that by this part of the charge the court usurped the province of the jury by directing them that the facts therein recited would be negligence authorizing a recovery.  There would be much force in the argument of appellant if this instruction is to be considered alone as an independent charge to the jury; but in the previous paragraphs of the instructions the jury were fully and correctly instructed as to what would or would not be negligence as applied to both parties, and it was wholly unnecessary to repeat the law on that subject in other paragraphs of the charge.  The instruc-

tion under consideration properly qualifies the acts of the parties therein recited by the use of the words "negligence" and "negligently" and "negligence on his part" and "negligent manner," so that the jury could not have understood that negligence was not to be considered by them in determining the plaintiff's right to recover. The charges to the jury held to be erroneous in the cases of *Railway v. Bagley* (Tex. Ct. App.), 22 S. W. Rep. 68, and *Railway v. Anderson*, 56 N. W. Rep. (Neb.) 794, which are relied upon by the defendant, do not appear to us to be, either in substance or meaning, like the instructions complained of here. Those instructions were in no way qualified by the negligent character of the acts recited therein.

III. It is claimed that the twelfth paragraph of the instructions is erroneous because it is not supported by any evidence, and was not an issue in the case. That instruction is as follows: "(12) If, under the evidence and foregoing instructions, you find that the plaintiff was negligent in his efforts to make the uncoupling in question, under all the circumstances in evidence before you, still the defendant can not avoid liability on that account, if the act which caused the injury was done by defendant's said engineer after he discovered plaintiff's negligence; if you should find from the evidence the engineer could have avoided the injury by the exercise of ordinary and reasonable care." We think the charge is distinctly made in the petition that the engineer, knowing the plaintiff's position, without warning to him, negligently set the brake. If there is evidence to support the fact of knowledge of plaintiff's position, the case is within the well-known rule that the plaintiff's negligence will not enable the defendant to escape liability if the act which caused the injury was done by the defendant after it discovered the plaintiff's negligence, and if the defendant could have avoided the injury in the exercise of reasonable

care. *Morris v. Railway Co.*, 45 Iowa, 32. Assuming, for the present, that there was evidence authorizing the jury to find that plaintiff was negligent in going between the car and the tender, and placing his foot upon the brake beam, if there was evidence that the engineer knew, when he applied the brakes, that the plaintiff was standing upon the brake beam, and that he was in peril if the brake was set, the jury might well find that it was negligence to set the brake.

This is one of the material controverted facts in the case. The evidence abundantly shows that the plaintiff was making the uncoupling in the usual way in which it was done, and that the engineer knew that he went between the car and tender to pull the pin, and that to do so he must hang onto the rods at the end of the tender. It is true that the engineer stated, in a general way, that he did not know that plaintiff was standing on the brake beam until after the accident. He testified, however, that plaintiff could have stood on the brake beam of the car; but he also stated that he did not know whether there was a brake beam on the car or not. Other evidence in the case shows that, when a man is holding onto the rods at the rear of the tank to the tender, there is nothing but the brake beam for him to stand on. In view of the positive and very decided evidence that the uncoupling is done while hanging onto the rods with the hands, and with one or both feet on the brake beam, we think it was a fair question for the jury to determine whether the engineer knew that the plaintiff was in that position.

IV. It is next contended that the verdict was against the law as given in the sixth, seventh, eighth, ninth, tenth, and eleventh paragraphs of the instructions. We do not think it is necessary to set out these instructions in this opinion. They were given to the jury at the instance of the defendant. They were based upon a state of

facts which finds support in the evidence, but we
can not agree with counsel that the facts recited
in these instructions are founded upon the undisputed
evidence in the case.   And we do not think that they
are inconsistent with the other parts of the charge to
the jury.   They direct the jury that if the accident was
caused solely by the unusual application of the automatic
brake by the engineer, by reason of which plaintiff's
feet slipped from the brake beam, the accident was one
of the risks plaintiff assumed in the business, and the
verdict should be for the defendant; and if the brakes
were applied quicker than was requisite, yet, if the
engineer acted sooner than was necessary, the applica-
tion of the brakes would not necessarily show negli-
gence; and as it was the duty of the plaintiff to uncouple
the cars, and he was not specially commanded as to the
manner of doing the work,—that is, as to whether he
would stay on the ground and pull the pin, or stand on
the brake beam,—it was his duty to adopt the safer
course, and, if.he did not do so, the verdict should be
for the defendant; and if the plaintiff had charge of
the speed of the train, and made no effort, by signal or
otherwise, to slacken the speed, then he can not com-
plain that the speed was too rapid, and, if it was by
reason of the speed that the engineer applied the brakes
when, in his judgment, it was necessary, and plaintiff
was thus jerked or slipped from the brake beam, then
the verdict should be for the defendant.   The above is
the substance of the material parts of the instructions
last above referred to.   A careful examination of all
the evidence in the case, including that set forth
in appellee's abstract, leads us to the conclusion
that the jury were warranted in finding that these
facts were not established so conclusively that the jury
were bound to follow them.   It is true that the injury
resulted to the plaintiff from losing his footing on the
brake beam on account of the action of the brake, but

back of that was the charge of the defendant's negligence as to the time when the brake was set; and the question of care and prudence in the manner and time of the act of applying the brake was one of the disputed questions in the case. The fact that the plaintiff undertook to make this uncoupling when the train was in motion was not shown beyond question to be negligence. The evidence rather tends to show that this is the usual manner of doing the work when cars are to be kicked away from the engine.

V. It is urged that a fair consideration of all the evidence in the case did not authorize the jury to find that the defendant was negligent, nor that the plaintiff was free from contributory negligence. We have given the case a most careful and searching investigation, and considered every fact disclosed in the record. The case is important in the amount involved, and in its consequences to the parties. The verdict is in the sum of seven thousand and five hundred dollars. It is conceded by the defendant that the movement of the train was under the control of the plaintiff,—that is, that it was the duty of the engineer to obey the signals given by the plaintiff as to the speed of the train, and to stop and start upon such signals,—and that there was no signal given by the plaintiff to the engineer to apply the brake. It is claimed, however, and the engineer testified as a witness, that he did not wait for the plaintiff to swing himself out and give the signal, because he was so long between the car and tender that he (the engineer) believed that the plaintiff was in trouble, and that the brakes should be applied. As is usual in most cases the rights of the parties at the last depend upon one or two controlling questions. The engineer testified that the plaintiff was between the cars ten or twelve seconds, and the plaintiff testified that it was not more than two seconds until the brake was set. It is a matter of common knowledge that

these estimates of so brief a period are liable to much uncertainty.    Certain undisputed facts which appear to us to be of controlling importance are proper to be considered in this connection.    The plaintiff went between the cars to pull the pin.    He was there for no other purpose.    He was not riding to another part of the switching ground as a matter of convenience.  There was no difficulty in pulling the pin.  It does not appear that it was fast.    It was removed, and laid upon the deadwood, when the brake was immediately applied.    The jury, in determining this pivotal question in the case, was authorized to take into consideration these events, rather than the uncertain estimate of any witness as to the lapse of time, however honest the witness who makes the estimate may be.    A number of cases are cited by counsel in which it is held that where injuries are received by a railroad employee, which are not attributable to the negligence of other employees, but are incident to the hazardous nature of the business, there can be no recovery.  We have examined all of the cited cases, and, without reviewing them here, have to say that in our opinion they have no application to the state of facts here presented.    The judgment of the district court is AFFIRMED.