PAUL A. KORAB, as Administrator of the Estate of ELMER A. LITTLE, Deceased, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**Railroads:** INJURY TO TRAINMAN: NEGLIGENCE: EVIDENCE. It is the duty of a railroad company to use reasonable care to keep its yards and tracks in as safe a condition for the protection of trainmen as is consistent with a reasonable construction and operation of the road; and employees can rightfully depend to some extent upon a performance of this duty.

In this action for the death of a trainman, who was killed while attempting to board the train, his foot was found severed from his body and wedged between the guard rail and main rail of the switch frog, and this fact is held sufficient to warrant a finding of negligence on the part of the company in failing to properly protect the opening between the rails.

**Same:** CONTRIBUTORY NEGLIGENCE: PRESUMPTION AS TO DUE CARE. Where, as in this case, there were no eye witnesses to the accident resulting in the death of a trainman, and there was nothing to show that he was not in the exercise of reasonable care for his safety at the time of the accident, the presumption of reasonable care arising from the natural instinct of self preservation obtains, and is sufficient to support a verdict.

**Same.** The presumption that one injured while in the performance of his duty was in the exercise of due care for his safety may be overcome by a showing of circumstances from which the jury might fairly conclude that he was not exercising due care; but such circumstantial evidence rarely constitutes such a conclusive counter-showing as to render the question one of law.

Under the circumstances shown in this case it is held that the mere

fact that deceased was between the moving cars of the train, with the operation of which he was engaged, was not as a matter of law negligence, and therefore insufficient to overcome the presumption of care.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

MONDAY, NOVEMBER 21, 1910.

ACTION at law to recover damages for the death of the intestate, alleged to have been occasioned by the defendant's negligence. There was a directed verdict and judgment for the defendant, and plaintiff appeals.— *Reversed.*

*Wade, Dutcher & Davis,* for appellant.

*Carroll Wright* and *J. L. Parrish,* for appellee.

WEAVER, J.—Elmer A. Little entered the employment of the defendant railway company on September 6, 1906, and continued therein until his death on or about October 10, 1907. His service was principally as brakeman on freight trains, but he was occasionally for a day or two at a time sent out as flagman on passenger trains. His freight runs as a rule were between Sylvia, Ill., and Valley Junction, Iowa. At the time of his decease he was acting as rear brakeman on a freight train known as "Extra 1649 West." The accident occurred within the limits of the station yards at Oxford, Iowa. The train reached Oxford at 9:40 o'clock p. m., and headed in upon a side track to permit the passage of an east-bound train then nearly due. The freight train was made up of thirty-nine cars, and when it came to a stop something more than one-half of its length extended eastward from the station platform. There was no switching of cars, but

the train was cut at the public crossing west of the station. This work was attended to by the head brakeman, who had been riding at the front. When the train stopped, the conductor and the deceased left the caboose and walked west to the station platform, where they remained a few minutes, until the train moving east had passed, and then, learning that the block was clear, the train was recoupled by the head brakeman and signal given to start. As the train began to move westward, the conductor remained upon the platform to board the caboose as it passed, and the deceased walked westward in the direction of the west switch, which it was his duty to close after the train had passed out. From that moment no witness again saw him alive. As the caboose pulled through the west switch, the conductor, not seeing deceased, and supposing that he had climbed upon a car nearer the engine, closed the switch himself, but soon thereafter, failing to find the missing brakeman, and fearing that he had met with an accident, stopped the train, and, moving back upon the side track which they had just vacated, discovered his dead body. His foot, severed from his body, was found wedged or fast in a guard rail somewhere from eighty to one hundred feet from the west end of the station platform, and the rest of his mangled remains a short distance further west and on the south side of the track. East of the guard rail and just south of the side track was a loose and irregular pile of boards, the magnitude and exact location of which is variously stated by the witnesses. There is also a difference in statements whether this pile was so close to the track as to obstruct the passage of one walking along the side of a moving freight train.

Plaintiff, as administrator of the estate of the deceased, brings this action, founding his claim for the recovery of the damages on the claim that the death of his intestate was occasioned by the company's negligence in failing to block or otherwise protect the opening between

the guard and main rail, thereby creating a dangerous trap, into which the deceased, while engaged in the line of his duty, was caught, and without contributory fault on his part was killed. It is also charged that defendant negligently permitted the track to become obstructed by a pile of boards, and that by reason thereof deceased, in some manner unknown, fell upon or from such obstruction between the moving cars, where he met his death. The defendant denies the allegations of the petition, and further pleads that deceased had been in its train service for a year or more, and knew that its frogs and guard rails, and particularly the one where the injury occurred, were not blocked or guarded, and that he had thereby assumed the risk incident to such condition. A jury having been impaneled for the trial of the cause the testimony offered tended to establish a state of facts substantially as above indicated.

The parties having rested, the defendant moved for a directed verdict in its favor on the following grounds: (1) Failure of evidence to sustain the charge of negligence made against the defendant; (2) failure to show absence of contributory negligence on part of deceased; (3) entire absence of evidence as to what deceased was doing at the time of the accident and as to what caused the injury, absence of evidence that he was then engaged in the line of his duty, and no showing of circumstances indicating negligence with respect to anything causing the death of the deceased; and (4) that as a matter of law deceased should be held to have assumed the risk of injury from the unblocked guard rail. The foregoing motion was sustained generally, a directed verdict returned for defendant, and from the judgment entered thereon the plaintiff appeals.

The ruling of the trial court implies a finding as a matter of law: (1) That the defendant was not negligent as charged; or (2) that, if negligent, the death of

deceased did not result therefrom; or (3) that there is no evidence of due care by the deceased for his own safety; or (4) that deceased had assumed the risk of defendant's negligence if any, with respect to the matters complained of in the petition.

I.   The admitted facts make it practically certain that deceased, while walking or running by the side of the moving train in the direction of the switch he was expected to close, stepped between the ends of the moving cars for some purpose not disclosed by the evidence, and, catching his foot in the unblocked guard, was quickly drawn under the wheels.   There is no claim on the part of appellee that frogs or guards of this kind are not a source of peril to trainmen having occasion to walk over them in the performance of their duties, nor is it claimed that such peril may not be measurably removed or lessened by the use of blocks or wedges for that purpose.   Indeed, it appears from appellee's evidence that blocks were formerly in use in its station yards, but for some reason not explained had for a considerable period been abandoned. Service of trainmen and switchmen in railway station yards is essentially dangerous at best; but it is incumbent upon the companies operating them to use reasonable care to make them as safe for their employees as is consistent with the proper operation of their roads.   In the making up of trains, and the handling, moving, and switching of cars, trainmen are required to walk upon and over the yard tracks at all times of the day and night, and ordinarily they must of necessity move with quickness and celerity from point to point, making it quite impossible that in every instance they should carefully survey their path, or give close attention to the planting of each footstep.   They may rightfully depend to some degree upon their employers to perform their duty to keep the surface of the yards free from all perils not inherent in the

*1. RAILROADS: injury to trainman: negligence: evidence.*

·reasonable construction of the road and prosecution of the business for which they are intended. *Sankey v. Railroad Co.,* 118 Iowa, 39; *Fish v. Railroad Co.,* 96 Iowa, 702; *Trott v. Railroad Co.,* 115 Iowa, 80. We are therefore of the opinion that upon the conceded facts a finding of the jury that defendant was negligent in failing to block or protect the frog in question would have sufficient support in the record. That the existence of the unblocked frog was the proximate cause, or at least, a proximate cause, of the death of deceased, it too clear to require argument.

II.   The debatable ground in the case, and the one upon which we may assume the trial court felt compelled to hold against the right of recovery, is upon the question whether the appellant sufficiently negatived

2. SAME: contributory negligence: presumption as to due care.

the existence of contributory negligence on part of the deceased. It is strenuously contended by appellee that there is no showing whatever of the reason or cause which led deceased to step between the cars upon the frog; that there is no evidence that in doing so he was acting in the line of his duty, or was in any manner using care for his own safety; but, on the contrary, the very fact that he did step into such place of danger shows conclusively his contributory negligence. Some of these propositions ignore rules which have been thoroughly settled by this court. As has already been noted, no living witness appears to testify as to the acts, movements, or conduct of the deceased from the time he disappeared in the direction of the switch until he met his death a brief moment later. At that time he was in the performance of his duty in the appellee's service, and there is no suggestion that he was not also exercising reasonable care for his safety. Under such circumstances the appellant, as administrator, is entitled to the benefit of the presumption that deceased, moved by love of life and the ordinary instinct of self-protection and self-preservation

which is characteristic of living reasoning beings, was in the exercise of reasonable care to that end. *Dalton v. Railroad,* 104 Iowa, 26; *Hopkinson v. Knapp,* 92 Iowa, 328; *Spaulding v. Railroad Co.,* 98 Iowa, 205; *Schnee v. Dubuque,* 122 Iowa, 459; *Ellis v. Oil Co.,* 133 Iowa, 11; *Lunde v. Cudahy,* 139 Iowa, 688; *Baker v. Railroad Co.,* 95 Iowa, 171; *Gray v. Railroad Co.,* 143 Iowa, 268; *Woolf v. Nauman,* 128 Iowa, 262.

The *Dalton* case involved a highway crossing accident occurring in the nighttime, without living witnesses of the conduct of deceased; and this court, while conceding that under the circumstances it was the duty of the deceased to stop, look, and listen before venturing upon the crossing, held that, in the absence of any evidence concerning his conduct in that respect, there was a presumption that he did use due care, or, in other words, that he did stop, look, and listen. Indeed, to say that in the absence of other evidence the deceased is presumed to have been exercising reasonable care is in the very nature of the case to presume that he did the things, or took the steps, or exercised the caution which reasonable care required him to do or observe. *McMenamy v. Scullin-Gallager Co.* (Mo.) 130 S. W. 359. In *Baltimore Ry. Co. v. Landrigan,* 191 U. S. 462 (24 Sup. Ct. 137, 48 L. Ed. 262), the deceased, a railway employee (though not a trainman), was run over and killed in the station yard in the city of Washington. No one saw the accident. In some manner he had been struck upon the track, his legs severed or crushed, and his body was found lying near at hand. The trial court instructed the jury that, in the absence of all testimony showing "whether deceased stopped, looked, and listened before going upon the track, the presumption would be that he did." In approving this instruction the Supreme Court says: "We know of no more universal instinct than that of self-preservation—none that so insistently urges to care against injury. It has its motives

to exercise in the fear of pain, maiming, and death. There are few presumptions based on human feelings or experience that have surer foundations than that expressed in the instruction objected to." To the same effect, see *Hendrickson v. Railroad Co.*, 49 Minn. 245 (51 N. W. 1044, 16 L. R. A. 261, 32 Am. St. Rep. 540); *Railroad Co. v. Weber*, 76 Pa. 157 (18 Am. Rep. 407); *Schum v. Railroad*, 107 Pa. 12 (52 Am. Rep. 468). In *Johnson v. Railroad Co.*, 20 N. Y. 65 (75 Am. Dec. 375), discussing the same question, the court says: "The natural instinct of self-preservation would stand in the place of positive evidence."

The presumption is something more than a mere shadowy generality. In the absence of direct evidence, the presumption supplies its place, and if the issue of contributory negligence is the only obstacle to recovery it is sufficient to support a verdict for the plaintiff. True, this presumption may be overcome by a showing of other circumstances from which the jury may fairly conclude that deceased was not in fact exercising due care; but in the nature of things this counter showing can rarely be so overwhelming and conclusive as to make the question whether the presumption has been fairly overcome a matter of law. See, also, *Bickel v. Railroad Co.*, 217 Pa. 456 (66 Atl. 756, 118 Am. St. Rep. 926).

3. SAME.

This leads us to the inquiry (perhaps the most vital one in this discussion) whether the court can say that in stepping between the moving cars deceased was guilty of contributory negligence as a matter of law. To so hold we must lay down the rule that under no circumstances may a brakeman on his own initiative at least, step between the cars of a moving train without debarring himself from recovery, if injured in so doing, although the injury would not have occurred but for the negligence of his employer. This must be so if we are to say deceased

was negligent; for, if there may have been any emergency with respect to the train or the cars calling him in the line of duty to go into the place of danger, then, in the absence of evidence to the contrary, the presumption obtains that the emergency arose, and that he exercised due care in performing that duty.   In recognizing that presumption neither court nor jury is required, as counsel seem to think, to assume the existence of any particular unproved fact or the occurrence of any particular unproved emergency.   If the record is such that, under the rule to which we have referred, a presumption of due care obtains, then proof of an act which may or may not have been negligent according to the circumstances under which it was done will not justify a holding as a matter of law that the presumption of care is thereby rebutted.   We do not understand appellee to contend that in the operation of freight trains in or through station yards circumstances may not arise calling a brakeman, in the performance of his duties to step between moving cars.   In other words, such an act is not necessarily or *per se* negligent.   That a brakeman may go between cars of a moving train in performance of the service in which he is employed, without being chargeable with negligence as a matter of law, has often been held.   *Fish v. Railroad Co.,* 96 Iowa, 702; *Spaulding v. Railroad Co.,* 98 Iowa, 205; *Lowe v. Railroad Co.,* 89 Iowa, 420; *Brown v. Railroad Co.,* 92 Iowa, 408; *Steele v. Railroad Co.,* 43 Iowa, 109.

Most of the cited cases refer to the coupling and uncoupling of cars while in motion, and it is said by counsel that, as this train was already made up and in motion to leave the side track, there could have been no occasion of this kind calling the deceased into such place of danger.   Even if this be true, the evidence shows that the brakeman's duty was not limited to the mere act of coupling and uncoupling cars.   It was a part of his duty

to keep an eye on the condition of the train, and if anything was discovered by him to be out of order, as, for example, the loosening of the hose or pipe coupling employed in working the air brakes, it was his duty to fix it. It appears also to have been a usual and appropriate act of brakemen to climb a moving train and ride to the switch, which they were required to open or close. Some of the ladders for, this use are placed on the outside of the car near the end, while in other instances they are attached to the end of the car. To climb a car of the latter type, witnesses say that, "in order to go upon that kind of a car, they have to go between the two cars." The record does not disclose the manner in which the cars of this train were equipped in that respect. Enough has been said to show that, although it is not known what was the particular occasion leading the deceased into the place of danger, yet, so long as the mere act of his going between the cars is not necessarily an act of negligence, the presumption is that he was in the line of duty in so doing.

The cases cited by appellee are not inconsistent with this conclusion. In *Brown v. Railroad Co.*, 69 Iowa, 163, there was direct evidence by living witnesses of the material facts, and no presumption could be indulged in, and it was affirmatively found by the court that there was no "emergency requiring any such exposure to danger." In *Martenson v. Railroad Co.*, 60 Iowa, 705, all the circumstances of the accident were shown in evidence, and the court found that the act of the plaintiff "was wholly unnecessary, and that he was performing no duty" to his employer in so doing. In *Hagerty v. Railroad Co.*, 90 Iowa, 405, the evidence "showed without conflict that the injured person was riding on the ladder without any reason for so doing." So in all the precedents cited recovery was denied, because on the undisputed showing the parties injured or killed were acting "without reason or excuse"

*(Dillon's case,* 118 Iowa, 645), or without "having any duty there" *(Baker's case,* 95 Iowa, 163), or for other sufficient reason which forbade the indulgence of any presumption of care on their part.

To say as a matter of law that deceased was guilty of contributory negligence, simply because he appears to have stepped between the cars, or to say that his administrator may not go to the jury in this case because of failure of proof to negative want of care in taking the position of danger, is to abolish altogether the presumption of which we have spoken. It is the very absence of all direct human testimony which calls into activity the presumption that the deceased did not risk his life recklessly or without reasonable cause. This presumption may be strengthened or weakened by other proven circumstances; but generally it is for the jury to say whether it has been overcome. The testimony to which counsel for appellee refer, which tends to show that before leaving the side track on the night in question the train was inspected and reported to be in good order, affords a legitimate, but not decisive, circumstance bearing on this question whether there was any occasion for deceased to go between the cars; but it is not of such conclusive character as makes the question of contributory negligence one of law.

The allegation of the petition that a pile of boards had been negligently left by the defendant in proximity to the side track, and was in some manner instrumental in the injury, is without sufficient support in the record. That a pile of boards had been left by the side of the track near the place of the accident is shown; but that it in any manner contributed to the injury of the deceased is purely a matter of conjecture.

Of the plea of assumption of risk we may say that assumption of risk arising from the master's negligence is rarely so unequivocally established as to become a question

of law merely. We are very clear that this is not a case calling for an exception to the rule.

In our judgment, the plaintiff made a case for the jury, and the court erred in directing a verdict for defendant. A new trial must therefore be ordered.—*Reversed.*