## PETERSON v. SHERIDAN.
### No. 11733.

Circuit Court of Appeals, Eighth Circuit.

Oct. 31, 1940.

F. J. Lund, of Webster City, Iowa, and T. J. Mahoney, of Boone, Iowa, for appellant.

Paul W. Steward of Des Moines, Iowa (Ray C. Fountain, of Des Moines, Iowa, on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought by the administrator of the estate of Embert Peterson, deceased, to recover damages for Embert Peterson's death resulting immediately

from an automobile collision which occurred at about three o'clock of a clear night at the junction of the Lincoln Highway (U. S. No. 30) and State Primary Road No. 60, two or three miles east of Boone, Iowa. No outside witness saw the accident, but the administrator claimed that the defendant, driving north on Highway No. 60, had made a left turn to the west from Highway No. 60 into the Lincoln Highway in the face of the near approach of the decedent's car going east in its proper lane on said highway, although the hazard of collision with decedent's car was apparent, and that defendant so negligently caused the death of Embert Peterson. Testimony adduced by the administrator concerning the positions of the two cars and the location of broken glass, debris and marks upon the pavement immediately after the accident tended to sustain his claim that defendant's car had turned left off of Highway No. 60 onto the Lincoln Highway into decedent's lane of travel so near the approaching car that collision had occurred almost immediately after the turning.

The defendant was injured and rendered unconscious by the collision, but was able to testify by deposition and at the trial. He denied that the collision happened as claimed by plaintiff and stated that he drove his car north on Highway No. 60 up to the edge of the Lincoln Highway and stopped it there; that while it was then and there standing at rest on Highway No. 60 in the proper lane and parallel to the edge of the paving of No. 60 and projecting possibly two or three inches only into the Lincoln Highway, he saw a flash of light and heard a crash as his car was struck almost head-on by Embert Peterson's car. The right side of the front end of one car contacted the right side of the front end of the other car. Defendant's witnesses located the defendant's car after the accident in a position different from the location ascribed to it by plaintiff's witnesses. The position defendant's witnesses indicated was fairly compatible with the car having been struck at the point claimed by defendant.

The court instructed the jury that if they found that "defendant drove his car into said Highway 30 in the face of the near approach of Embert Peterson's car, although the hazard of collision therewith was apparent", or "that he drove his car into Highway 30 and failed to yield the right of way to Embert Peterson's car, although said car was then within the intersection or approaching so closely that the hazard of collision therewith was apparent," and that such acts of negligence on the part of the defendant were "the proximate cause of the collision and the resultant death of Embert Peterson", then they should find for the plaintiff if plaintiff "also established by a preponderance of the evidence that Embert Peterson was himself free from any negligence on his part which in any manner or in any degree contributed to the collision and his resultant death."

It was reiterated in the instructions that before the plaintiff could recover he was required to establish by preponderance of the evidence that Embert Peterson was himself free from any negligence which in any manner or in any degree directly contributed to the collision which resulted in his death,[1] and it is not disputed that in

[1] "You are instructed that under the laws of the state of Iowa, in negligence cases, such as the one now before you, that before a plaintiff can recover he must not only establish that the defendant was negligent, and that such negligence was the proximate cause of the collision, but also that the plaintiff seeking to recover, and in this case, the deceased, Embert Peterson, was himself free from any negligence which in any manner or in any degree directly contributed to the collision which resulted in his death.

"The plaintiff has the burden of proving by a preponderance of the evidence that Embert Peterson was free from any negligence which in any manner or in any degree directly contributed to the collision before he would be entitled to recover, and if he has failed to do so, your verdict should be in favor of the defendant.

"In considering the question of whether or not Embert Peterson at or immediately preceding the time of the collision was himself guilty of negligence, you should weigh his acts and conduct in the light of all the facts and circumstances as disclosed by the evidence.

"The laws of the state of Iowa provide that any person driving a motor vehicle on the public highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having regard to the traffic, surface and width of the highway, and of any other conditions then existing. And a person driving a motor vehicle must at all times exercise due care, that is, such

negligence cases in Iowa the plaintiff is required to affirmatively establish his own freedom from negligence.

■ But the rigor of the Iowa rule is mitigated to the extent that where a human being is killed in an accident and there is no eye witness, the Iowa law indulges the inference that the instinct of self preservation and the love of life were such as to prompt him to exercise ordinary care for his safety. Ames v. Waterloo & Cedar Falls R. T. Co., 120 Iowa 640, 95 N.W. 161, and the plaintiff requested an instruction in this case authorizing the jury to indulge the inference in the plaintiff's favor with reference to matters not accounted for by direct credible testimony. [2] The court refused to give the requested instruction and gave no instruction on the subject of the inference of due care prompted by the instinct of self preservation. The whole effect of the instructions given to the jury therefore was that even if the jury found the defendant had negligently made the left turn into deceased's lane of travel in the face of the near approach of deceased's car and so caused the accident and death, still the plaintiff could not recover without first discharging the burden of freeing the decedent from any negligence which in any manner or in any degree contributed to the collision.

The jury found for the defendant, and on this appeal from the judgment of dismissal the administrator contends that the court erred in refusing to give the instruc-

---

care as an ordinary, cautious and prudent person would exercise under the same or similar circumstances.

"So in considering the question of whether or not Embert Peterson was guilty of negligence on his part in any manner or in any degree directly contributing to the collision, you should take into consideration all the facts and circumstances surrounding the collision, that is, the time of night, his knowledge or lack of knowledge that he was approaching an intersection, his ability to know, or whether in the exercise of reasonable care, he should have known, that a car was approaching him on the 'Y' on Highway No. 60, the speed at which he was traveling, the hazards of night time and the occasion, and all the facts and circumstances surrounding the parties at the time; and it is for you to say and determine whether or not the deceased, Embert Peterson, was himself at and immediately preceding the time of the collision complying with the laws of the state of Iowa and exercising that care which an ordinarily cautious and prudent person would have exercised under the same or similar circumstances. For if the said Embert Peterson at and immediately prior to the time of the collision was himself guilty of any violations of the laws of the state of Iowa, or was not exercising due care as he approached the intersection referred to, and such failure on his part to comply with the statutes or to exercise due care, directly contributed in any manner or in any degree to the collision, then, as you have been instructed, his estate cannot recover in this case.

"But if, on the other hand, the plaintiff has failed to establish by a preponderance of the evidence * * * that Embert Peterson was free from negligence on his part which directly contributed in any manner or in any degree to the collision, then, and in either of such events, you will find for the defendant."

[2] Requested instruction: "As you have been told, the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that his decedent was not guilty of negligence contributing to cause his death. In this connection, you are told that a traveler approaching an intersection under circumstances entitling him to the right of way may assume that a traveler upon the intersection highway will comply with the law and grant him the right of way unless from all the circumstances and his observation, he is apprised to the contrary in time to enable him, acting as a reasonably prudent man, to take action to avoid collision. You are further told that when a person is killed in an accident and there are no eye-witnesses to the accident the law indulges the inference that the instinct of self-preservation and love of life was such as to prompt him to exercise ordinary care for his safety. This inference is not conclusive but it is a matter to be considered by the jury in connection with all the evidence in the case. It is not to be indulged in where there is direct credible testimony as to his conduct during the material moments just prior to the accident but is only to be considered in connection with the other circumstances shown in evidence with reference to matters which are not accounted for by direct credible testimony. It is for you to say, under all of the circumstances disclosed in the case, whether or not the plaintiff has met the burden imposed upon him, to establish that his decedent was free from negligence contributing to cause his death."

tion requested on the subject of the inference of due care indulged by Iowa law, and that by omitting to give any instruction concerning the inference of due care an impossible burden of proof was imposed on plaintiff and his right under the Iowa law was erroneously denied.

It is contended, on the other hand, that under the circumstances of this case there was no room for any inference of due care to be drawn in plaintiff's favor from the deceased's instinct of self preservation; that defendant was an eye witness to the accident and that his testimony established the negligence of deceased so as to preclude any recovery on the part of plaintiff.

█ It must be conceded that if the accident here involved occurred in the way defendant stated that it did—as the result of decedent's driving off the highway No. 30 on which he was traveling, into defendant's car then standing on Highway No. 60, certainly the accident was decedent's fault. There could be no recovery and decedent's handling of his car before the collision would be immaterial. But if the accident occurred in the way the plaintiff's testimony tended to show that it did—that is, because defendant made a left turn off of Highway No. 60 onto Highway No. 30 in the face of decedent's closely approaching car, then the decedent's handling of his car was a material inquiry under the court's instructions and under the law. Although it is a mortally dangerous act to make such a left turn in the face of a closely approaching car, [3] and although serious injuries directly result, still the victim in the closely approaching car must under the law of Iowa be affirmatively shown to have been free from negligence before there can be recovery for damages so inflicted upon him. If he is killed, however, and nobody saw or is found to testify about his handling of his car before or at the time he was struck, then under the law of Iowa his administrator in a suit for the wrongful death is entitled to an instruction upon the inference of due care to be indulged from the instinct of self preservation. It is true that such inference of due care prompted by the instinct of self preservation can not be availed of to controvert or annul the effect of direct credible testimony of an eye witness. Edwards v. Perley, 223 Iowa 1119, 274 N.W. 910; Spooner v. Wisecup, 227 Iowa 768, 288 N.W. 894. Whether the defendant's account of what happened is or is not true, is not to be determined by an inference of due care on decedent's part. Young v. Railroad, 223 Iowa 773, 273 N.W. 885. But the plaintiff relied upon physical facts and circumstances to establish that a negligent left turn by defendant in the face of decedent's closely approaching car caused the accident. If his claim was established by preponderance of evidence, then he became entitled to the inference of due care on decedent's part. Hittle v. Jones, 217 Iowa 598, 250 N.W. 689. The defendant's account of what he saw was limited to the moment of impact and he could not and did not assume to testify to decedent's operation of his car prior to that time.

█ We think the teaching of the Iowa decisions is very plainly to the effect that the jury in this case should have been instructed that if they found the defendant had negligently caused the collision in the manner as charged by plaintiff, then in passing on the requirement that the decedent must be shown to be without fault the jury should have been permitted to indulge the inference of due care on decedent's part.

In Korab v. C., R. I. & P., 149 Iowa 711, 128 N.W. 529, 531, 41 L.R.A.,N.S., 32, the supreme court of Iowa said: "The presumption is something more than a mere shadowy generality. In the absence of direct evidence, the presumption supplies its place, and if the issue of contributory negligence is the only obstacle to recovery it is sufficient to support a verdict for the plaintiff. True, this presumption may be overcome by a showing of other circumstances from which the jury may fairly conclude that deceased was not in fact exercising due care; but in the nature of things this counter showing can rarely be so overwhelming and conclusive as to make the question whether the presumption has been fairly overcome a matter of law." See also Merchants' T. & S. Co. v. Railroad Co., 170 Iowa 378, 150 N.W. 720.

In Lorimer v. Hutchinson Ice Cream Co., 216 Iowa 384, 249 N.W. 220, loc. cit. 224, 225, the supreme court of Iowa said: "It is the law of this state that where there is a period of time during which the conduct of the decedent was not observed by any eyewitness he is entitled to the bene-

---

[3] See Davis v. Hoskinson, Iowa, 290 N.W. 497, compare Enfield v. Butler, 221 Iowa 615, 264 N.W. 546.

fit of the inference or presumption of due care, arising from the instinct of self-preservation on the part of the decedent. Gray v. C., R. I. & P. Ry, 160 Iowa 1, 139 N.W. 934; Lunde v. Cudahy Packing Co., 139 Iowa [688], 695, 117 N.W. .1063; Anderson v. C., R. I. & P. Ry. Co., 189 Iowa 739, 175 N.W. 583."

In Platter v. Minnesota & St. L. R. Co., 162 Iowa 142, 143 N.W. 992, a farmer drove his team onto the railroad track and was killed by an oncoming train. Witnesses testified that they saw him standing up in his wagon driving the team at a trot and looking away from the railroad track as he drove to it. The supreme court of Iowa held that the credibility of the witnesses was for the jury and that an instruction substantially as requested by plaintiff here was properly given.

The reasoning of the court fully meets the situation presented in this case. It was recognized that the presumption of due care has no application "where the physical facts and uncontradicted circumstances show that deceased could not have exercised the care required of him at the time of the accident." Nor can the inference avail against direct credible testimony of a witness who observed the entire transaction. But the weight and credibility of witnesses who testified as to their observation of the deceased was "for the triers of fact" and it was declared to be a question for the jury to say whether or not deceased was observed and his conduct noticed during all the time while he was within the danger zone. The recovery against the railroad company for negligence causing the death was sustained.

■ The case has been frequently cited and followed in Iowa and declares the law which must control decision here. Here the trial court's failure to give any instruction on the inference of due care proper to be drawn if there was no direct credible testimony of negligence on the part of Embert Peterson necessitates reversal. The exact form of instruction to be given may be left to the trial court on a new trial. The thought of the instruction requested should be embodied. ·

■ Appellee has argued that the plaintiff failed to make its request for instructions within the time contemplated by Rule 51 of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Rule 18(5) of the local district court. But the request was made before the case was submitted to the jury, and it appears that the court considered the request and ruled upon it, and that Peterson saved exception when the court gave no instruction on the subject of the request. We think that review should not be refused. Wagner Elec. Corp. v. Snowden, 8 Cir., 38 F.2d 599, 602; United States v. Ellis, 5 Cir., 67 F.2d 765, 767; Kimble v. Kiser, 4 Cir., 59 F.2d 626, 629; compare Scritchfield v. Kennedy, 10 Cir., 103 F.2d 467, 474; see and compare Griffin Grocery Co. v. Richardson, 8 Cir., 10 F.2d 467, 472.

Other matters very fully and ably presented need not be discussed as the questions may not recur on a new trial.

Reversed and remanded for new trial.